UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MATTHEW R RUTH,

                Plaintiff,

  v.

PATRICK GLEBE, AND RAY GONZALEZ,

                Defendants.

No. C14-1388 BHS-KLS

ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

Before the Court is Plaintiff's motion for the appointment of counsel. Dkt. 9. Having carefully reviewed the motion and balance of the record, the undersigned finds that the motion should be denied.

## DISCUSSION

No constitutional right exists to appointed counsel in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). *See also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory.") However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998) (emphasis supplied.) To decide whether exceptional

ORDER DENYING MOTION FOR COUNSEL- 1

circumstances exist, the court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue involved and an inadequate ability to articulate the factual basis of his claim. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

Plaintiff states that he cannot afford to hire counsel. Dkt. 9. However, the inability to hire counsel is not an exceptional circumstance warranting court appointment. Contrary to the assertions in plaintiff's motion, this case does not involve complex facts or law and Plaintiff has shown an ability to articulate his denial of access to courts claims in a clear fashion understandable to the Court. Dkt. 8. Further, Plaintiff has does not show that he is likely to succeed on the merits of his case.

Accordingly, it is **ORDERED:**

(1) Plaintiff's motion for counsel (Dkt. 9) is **DENIED.**

(2) The Clerk shall send a copy of this Order to Plaintiff and counsel for Defendants.

**DATED** this 13th day of November, 2014.

Karen L. Strombom
United States Magistrate Judge

ORDER DENYING MOTION FOR COUNSEL- 2