UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MATHEW R. RUTH,

                Plaintiff,

   v.

PATRICK GLEBE, RAY GONZALEZ,

                Defendants.

No. C14-1388 BHS-KLS

ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

      Before the Court is Plaintiff's motion for the appointment of counsel. Dkt. 18. Plaintiff states in his motion that an exhibit "A" is attached. *Id*. The document on file does not contain any exhibits. Having carefully reviewed the motion and balance of the record, the Court finds that the motion should be denied.

**DISCUSSION**

      No constitutional right exists to appointed counsel in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). *See also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory.") Only in "exceptional circumstances," may a district court appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C.§ 1915(d)). *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). To decide whether exceptional circumstances exist, the court must evaluate both "the likelihood of success

ORDER DENYING MOTION FOR COUNSEL- 1

on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d at 1331 (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).  A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue involved and an inadequate ability to articulate the factual basis of his claim. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

Plaintiff states that he cannot afford to hire counsel.  Dkt. 18.  However, the inability to hire counsel is not an exceptional circumstance warranting court appointment.  This case does not involve complex facts or law and Plaintiff has shown an ability to articulate his claims in a clear fashion understandable to the Court.  Further, Plaintiff has not shown that he is likely to succeed on the merits of his case.

Accordingly, it is **ORDERED:**

(1)     Plaintiff's motion for counsel (Dkt. 18) is **DENIED.**

(2)     The Clerk shall send a copy of this Order to Plaintiff and counsel for Defendants.

**DATED** this 24th day of March, 2015.

*[signature]*

Karen L. Strombom
United States Magistrate Judge

ORDER DENYING MOTION FOR COUNSEL- 2