UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MATTHEW R RUTH,<br><br>            Plaintiff,<br><br>   v.<br><br>PATRICK GLEBE, and RAY GONZALEZ,<br><br>            Defendants. | CASE NO. 2:14-CV-01388 BHS-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: June 12, 2015 |

The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Presently before the Court is Defendant's Motion to Dismiss and Plaintiff's Motion for Summary Judgment. Dkt. 14, 16.

After a review of the relevant pleadings, the Court concludes Plaintiff failed to state a claim for which relief can be granted against Defendants. The Court recommends Defendants' Motion to Dismiss be granted. However, Plaintiff has not been given leave to amend, and therefore the Court recommends Plaintiff be given leave to amend his Complaint to attempt to correct any deficiencies. The Court also recommends Plaintiff's Motion for Summary Judgment be denied without prejudice.

**BACKGROUND**

Plaintiff, an inmate confined at the Stafford Creek Corrections Center, alleges his constitutional right of access to the courts was violated by Defendants Patrick Glebe, the Superintendent of the Stafford Creek Corrections Center, and Roy Gonzalez, the Correctional Manager of Prisons, Command B. *See* Dkt. 8. Plaintiff alleges he was denied access to the courts through (1) a denial of access to case law and compact discs sent through the prison mail; (2) an inadequate prison law library; and (3) a delay in sending Plaintiff's outgoing mail. Dkt. 8, pp. 1, 5-6, 8. Plaintiff also contends Defendant Glebe retaliated against Plaintiff by authoring a memorandum classifying all new case law as a security threat. *Id.* at pp. 3, 7, 9, 13. Further, Plaintiff maintains his Eighth Amendment rights were violated when he was unable to access current case law. *Id.* at p. 9. Plaintiff seeks injunctive relief and damages. Dkt. 8, p. 18.

Defendants filed the pending Motion to Dismiss arguing Plaintiff failed to state a claim upon which relief can be granted because (1) Plaintiff failed to allege facts showing Defendants were involved in any denial of a constitutional right; (2) Plaintiff failed to show actual injury in his denial of access to the courts claim; and (3) Plaintiff failed to show Defendants' written correspondence with Plaintiff was sufficient to show retaliation against him for constitutionally protected conduct. Dkt. 14, p. 2.

**STANDARD OF REVIEW**

A motion to dismiss can be granted only if Plaintiff's Complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level". *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

> reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 556, 570).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus, et al.*, 551 U.S. 89, 93 (2007) (internal citations omitted). However, the pleading must be more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

While the Court must accept all the allegations contained in the Complaint as true, the Court does not have to accept a "legal conclusion couched as a factual allegation." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (vague and mere conclusory allegations unsupported by facts are not sufficient to state section 1983 claims); *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). While the Court is to construe the complaint liberally, such construction "may not supply essential elements of the claim that were not initially pled." *Pena*, 976 F.2d at 471.

**DISCUSSION**

To state a claim under 42 U.S.C. § 1983, three elements must be met: (1) defendant must be a person acting under the color of state law; (2) the person's conduct must have deprived the plaintiff of rights, privileges or immunities secured by the constitution or laws of the United States, *Parratt v. Taylor*, 451 U.S. 527, 535, (1981) (overruled in part on other grounds); *Daniels*

*v. Williams*, 474 U.S. 327, 330-31, (1986); and (3) causation. *See Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 286-87, (1977); *Flores v. Pierce*, 617 F.2d 1386, 1390-91 (9th Cir. 1980), *cert. denied*, 449 U.S. 875, (1980). When a plaintiff fails to allege or establish one of the three elements, his complaint must be dismissed.

### A. Access to Courts

Inmates have a "fundamental constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). In *Bounds,* the Supreme Court held the right of access imposes an affirmative duty on prison officials to assist inmates in preparing and filing legal papers, either by establishing an adequate law library or by providing adequate assistance from persons trained in the law. *Id.* at 828. In *Lewis v. Casey*, 518 U.S. 343 (1996), the Supreme Court held a prisoner must show some actual injury resulting from a denial of access in order to allege a constitutional violation. *Id*. at 349.

To establish he suffered an actual injury, Plaintiff must show "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis v. Casey*, 518 U.S. at 348; *Christopher v. Harbury*, 536 U.S. 403, 415, (2002); *Nevada Dep't of Corr. v. Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011); *Phillips v. Hurst*, 588 F.3d 652, 655 (9th Cir. 2009). The right of access to the courts is limited to non-frivolous direct criminal appeals, habeas corpus proceedings, and Section 1983 cases. *See Lewis*, 518 U.S. at 353 n. 3, 354-55. "Failure to show that a 'nonfrivolous legal claim has been frustrated' is fatal to [an access to courts] claim." *Alvarez v. Hill*, 518 F.3d 1152, 1155 n. 1 (9th Cir. 2008) (*quoting Lewis*, 518 U.S. at 353 & n. 4).

Plaintiff made several blanket assertions stating Defendants and several other individuals actively interfered with his access to the courts. *See* Dkt. 8. While somewhat unclear, it appears

1    Plaintiff is asserting he was unable to adequately pursue (1) a direct appeal after resentencing
2    and (2) a personal restraint petition.

3    First, Plaintiff states he filed an untimely direct appeal because, after being misinformed
4    about his right to appeal during his resentencing,[1] he did not discover he could appeal until over
5    a year after his statute of limitations passed because the law library was inadequate. Dkt. 8, p. 4.
6    However, Plaintiff states his appeal is currently pending, and therefore he has not alleged any
7    actual injury. *Id.* Plaintiff also maintains the library is two to six months out-of-date. *Id.* at p. 11.
8    But, Plaintiff does not allege there was a change in case law in this area during the applicable
9    time period that would affect his appeal, nor does he allege specific facts showing he was unable
10   to file his appeal without the most current case law. Plaintiff has failed to allege facts showing an
11   inadequate law library resulted in Plaintiff being unable to file a timely appeal.

12   Plaintiff next alleges he was denied access to the courts when a reply brief for his
13   personal restraint petition was "confiscaste[d]" by prison employees. Dkt. 8, pp. 5-7. Plaintiff
14   states he attempted to send the reply brief to a friend through outgoing mail but, because prison
15   employees believed Plaintiff used the wrong type of envelope, the mail was returned to him with
16   instructions to mail the item correctly. *Id.* Plaintiff does not allege he missed a deadline, was
17   unable to file the brief, or suffered any harm as a result of the prison employees' alleged
18   mishandling of this piece of outgoing mail. The Court also notes Plaintiff does not allege
19   Defendants were involved in the mishandling of his outgoing mail; rather, Defendant Gonzalez
20   returned the mail to Plaintiff so he could resend the item using the type of mailing envelope
21   approved by prison policies.

---

[1] Plaintiff does not allege prison officials misinformed him of his right to appeal. *See* Dkt. 8, p. 4.

1    Prison employees also allegedly rejected incoming mail, which denied Plaintiff access to
2 case law sent to him by a friend. Dkt. 8, p. 5. Plaintiff maintains he needed the case law to
3 "formulate his supplemental briefing" for his personal restraint petition, and was unable to do so
4 because he did not get access to the case law until after his deadline passed. *Id.* Again, Plaintiff
5 fails to allege any injury resulted in his inability to read a specific case in order to draft a
6 supplemental brief. Further, Plaintiff attached documentation showing his personal restraint
7 petition was dismissed as frivolous, and therefore failed to show he was pursuing a non-frivolous
8 legal claim. *See* Dkt. 8, p. 44. [2]

9    Plaintiff also alleges he was harmed when a different reply brief, filed during the
10 discretionary review of his personal restraint petition, was rejected by the clerk of court. Dkt. 8,
11 p. 15. It appears Plaintiff is alleging this reply brief was rejected because prison officials denied
12 him access to his legal mail. Plaintiff states his incoming mail, which contained legal case law
13 and discovery CDs, was rejected by prison employees. Plaintiff, however, does not provide
14 adequate factual allegations showing the rejected mail affected this reply brief. Further, Plaintiff
15 provides only a conclusory statement alleging he was prevented from making arguments in his
16 reply brief and presenting claims to the court. *Id.* Plaintiff does not allege Defendants' actions
17 caused the rejection of his reply brief. There are no factual assertions showing why the reply was
18 rejected, or showing how the rejection of the reply brief frustrated Plaintiff's attempts to pursue
19 the discretionary review. Plaintiff also failed to show he was pursuing a non-frivolous case, as he

---

[2] The Court may consider materials properly submitted as part of the complaint, *Gumataotao v. Director of Dept of Revenue and Taxation*, 236 F.3d 1077, 1083 (9th Cir. 2001); *Cooper v. Pickett*, 137 F.3d 616, 622-23 (9th Cir. 1997), as well as "document[s] the authenticity of which [are] not contested, and upon which the plaintiff's complaint necessarily relies," even if they are not attached to the complaint. *See Dunn v. Castro*, 621 F.3d 1196, 1204 n.6 (9th Cir. 2010).

REPORT AND RECOMMENDATION - 6

was appealing a personal restraint petition which had been dismissed as frivolous. *See* Dkt. 8, p. 44.

Last, Plaintiff repeatedly contends the law library is inadequate. *See* Dkt. 8. Because inmates do not have "an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Lewis*, 518 U.S. at 351. The inmate must demonstrate the alleged shortcomings of the library hindered his efforts to pursue a legal claim. *Id.* Plaintiff complains the library is inadequate because it is continually two to six months out-of-date. Dkt. 8, p. 11. Plaintiff argues the library is inadequate in a theoretical sense, and fails to demonstrate how the lack of current case law actually hindered his efforts to pursue his cases.

Plaintiff failed to plead facts which raise his claim of denial of access to the courts above the speculative level. The Complaint does not provide enough detail to establish any actual injury; rather, Plaintiff provides only vague, conclusory statements alleging he has been harmed by Defendants. At best, the Complaint provides facts showing Plaintiff may have been able to argue his cases more effectively had he been provided the legal materials he sought. However, the right of access to the courts does not extend to a right to discover claims or to litigate them effectively once filed with a court. *See Lewis*, 518 U.S. at 354-55; *Madrid v, Gomez*, 190 F.3d 990, 995 (9th Cir. 1999); *Exmundo v. Kevorkian*, 2009 WL 3416236, *3 (E.D. Cal. Oct. 22, 2009) (holding litigating a case effectively is not a constitutionally protected right, and finding the plaintiff did not state an access claim when he alleged he had to secure extensions and speculated the outcome of a case may have been different had he been able to litigate more effectively). As Plaintiff failed to allege any actual injury, he has failed to state a denial of access to the courts claim.

*B. Supervisory Liability*

Plaintiff argues Defendants are liable for interfering with his access to the courts because Defendants are responsible for prison operations, mail rejections, and grievances. Dkt. 8, p.3. Government officials "may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 n.58 (1978). A supervisor is held liable under § 1983 only if the complaint alleges (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991); *see also Peralta v. Dillard*, 744 F.3d 1076, 1085 (9th Cir. 2014) ("Supervisors aren't vicariously liable for constitutional violations under section 1983. But they can be liable for their own conduct.") (internal citation omitted); *Johnson v. Duffy*, 588 F.2d 740, 744 (9th Cir. 1978) ("personal participation is [a] predicate for section 1983 liability").

Plaintiff provided vague allegations asserting Defendants deprived him of his right of access to the courts. However, Plaintiff's various allegations primarily address the actions of other prison employees and do not allege actions taken by either Defendant. *See* Dkt. 8. Plaintiff alleges Defendant Glebe is liable because he is responsible for the overall operation of the corrections center and Defendant Gonzalez is liable because he is responsible for all mail rejections, appeals, and grievances. Dkt. 8, p. 3. Specific allegations as to Defendants' involvement are limited to Defendants responding to grievances, which does not state a claim under § 1983. *Id.* at pp. 7, 9, 13; *see Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding there is no liberty interest entitling prisoners to a specific grievance process); *Grigsby v. Hubert*, 2009 WL 1861172, *1 (E.D. Cal. June 29, 2009). At most, the Complaint alleges there

were some instances where the alleged violations of access to the courts were brought to the attention of Defendants; however, these allegations are insufficient to show Defendants actively participated in or authorized the alleged harm. *See Smith v. Sullivan*, 2009 WL 4395717, *4-5 (W.D. Wash. Dec. 1, 2009) ("a factual showing merely indicating some instances of alleged harm were brought to the attention of prison supervisory officials is insufficient to establish such officials actively participated in or authorized the harm alleged" (*quoting Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984))).

The Complaint fails to allege Defendants were personally involved in or authorized the denial of Plaintiff's access to the courts. The undersigned concludes Plaintiff has failed to state an access to the courts claim against Defendants.

   *C.  Retaliation*

Plaintiff also alleges Defendant Glebe retaliated against Plaintiff by issuing an operational memorandum in response to Plaintiff's grievance regarding his inability to receive up-to-date case law. Dkt. 8, p. 7. When a prisoner alleges a First Amendment claim of retaliation under § 1983, he must prove five elements: (1) he was subjected to adverse action; (2) the adverse action was imposed because of certain conduct; (3) the conduct giving rise to the adverse action is legally protected; (4) the adverse action chilled the prisoner's speech; and (5) the adverse action did not advance a legitimate penological goal. *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005). In addition, the plaintiff must show retaliation was the substantial or motivating factor behind the conduct of the prison official. *See Mt. Healthy City Bd. of Educ.*, 429 U.S. at 285-87; *Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009). Further, the plaintiff must show his First Amendment rights were actually chilled by the retaliatory action. *Rhodes*, 408 F.3d at 568.

REPORT AND RECOMMENDATION - 9

1   Here, Plaintiff failed to allege Defendant Glebe's issuance of the memorandum chilled
2   Plaintiff's speech. In fact, Plaintiff states he filed additional grievances after he was notified of
3   the memorandum. *See* Dkt. 8, pp. 12-13. Plaintiff's Complaint does not allege facts sufficient to
4   show retaliation was the substantial or motivating factor behind Defendant Glebe's issuance of
5   the memorandum. *See* Dkt. 8, p. 7. Additionally, documents referenced in the Complaint and
6   attached to the Complaint show Defendant Glebe did not issue an operational memorandum.
7   Rather, non-party Captain Clint May issued a response to Plaintiff's grievance stating Plaintiff's
8   case law mail was rejected because a Department of Corrections policy does not allow mail
9   which "could create a risk of violence and/or physical harm to any person." Dkt. 8-1, p. 45.
10   Plaintiff has failed to allege facts showing Defendant Glebe retaliated against Plaintiff.
11   Further, the exhibits included with Plaintiff's Complaint directly contradict Plaintiff's
12   allegations. Defendant Glebe did not issue a memorandum; rather, the prison was upholding a
13   policy issued by the Department of Corrections. Accordingly, Plaintiff has failed to state a claim
14   of retaliation against Defendant Glebe.

15   ### D. Eighth Amendment

16   Plaintiff also alleges he did not have updated case law, which resulted in cruel and unusual
17   punishment. Dkt. 8, p. 9. The Eighth Amendment to the United States Constitution prohibits
18   "cruel and unusual punishments." To establish an Eighth Amendment violation, an inmate must
19   satisfy two requirements. First, the deprivation alleged must be objectively, "sufficiently serious."
20   *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Second, "a prison official must have a 'sufficiently
21   culpable state of mind' … [T]hat state of mind is one of 'deliberate indifference' to inmate health
22   or safety." *Id.* (citations omitted). The prison official will be liable only if "the official knows of
23   and disregards an excessive risk to inmate health and safety; the official must both be aware of
24

facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837.

Plaintiff's allegations regarding his lack of access to an adequate law library fail to show any excessive risk to his health or safety. Accordingly, Plaintiff has not stated an Eighth Amendment claim.

### E. Leave to Amend

The Ninth Circuit has "established that a pro se litigant bringing a civil rights suit must have an opportunity to amend the complaint to overcome deficiencies unless it is clear that they cannot be overcome by amendment." *Eldridge v. Block*, 832 F.2d 1132, 1135-36 (9th Cir. 1987). Here, it is not clear Plaintiff is unable to overcome the deficiencies of his pleading if he is given an opportunity to amend the Complaint. The undersigned recommends Defendants' Motion to Dismiss be granted; however, Plaintiff should be given leave to file an amended complaint. Plaintiff is advised an amended pleading operates as a complete substitute for an original pleading. *See Ferdik v. Bonzelet*, 963 F.2d 12258, 1262 (9th Cir. 1992).

*Plaintiff's Motion for Summary Judgment*

In his Response to Defendants' Motion to Dismiss, Plaintiff requests the Court grant Motion for Summary Judgment in Plaintiff's favor. Dkt. 17, p. 2. "A party may move for summary judgment, identifying each claim or defense . . . on which summary judgment is sought." Fed. R. Civ. P. 56(a). Summary judgment shall be granted if "the movant shows that there is no genuine dispute as to any material fact." *Id.* Plaintiff has not identified the claims in which he is seeking summary judgment, nor has he provided sufficient evidence to show there is no genuine dispute as to any material fact. In fact, it appears Plaintiff is providing a response to

1 | Defendants' Motion to Dismiss, rather than moving for summary judgment. Therefore, the

2 | undersigned recommends Plaintiff's request for summary judgment be denied without prejudice.

3 | **CONCLUSION**

4 | The undersigned recommends granting Defendants' Motion to Dismiss, but giving

5 | Plaintiff leave to amend to attempt to cure the deficiencies in his Complaint. Further, the

6 | undersigned recommends denying Plaintiff's Motion for Summary Judgment.

7 | Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil

8 | Procedure, the parties shall have fourteen (14) days from service of this Report to file written

9 | objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those

10 | objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time

11 | limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on June 12,

12 | 2015**,** as noted in the caption.

13 | Dated this 19th day of May, 2015.

/s/ David W. Christel
David W. Christel
United States Magistrate Judge