UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MATTHEW R RUTH,<br><br>           Plaintiff,<br><br>   v.<br><br>PATRICK GLEBE, RAY GONZALEZ, GORHAM, MARTINEZ, SUTHERBY, LAROSE, SHANAHAN, HENSLEY, T MATSEN, D DIXON, M. DRAGOO, SULLIVAN, DANIEL DAVIS, CLINT MAY,<br><br>           Defendants. | CASE NO. 2:14-CV-01388-BHS-DWC<br><br>ORDER |

Plaintiff has filed a Motion titled: Motion for Extension of Time to File Traverse, Reply to Defendant's Answer, Reply to [Temporary Restraining Order], Motion to Supplement Amended Complaint, Motion for Appointment of Counsel on Both Case Numbers ("Motion"). Dkt. 67.[1] Plaintiff has also filed a Motion to Supplement with attached exhibits, requesting the Court consider several exhibits when ruling on the Motion. Dkt. 70. Plaintiff's Motion to

---

[1] Plaintiff also has a federal habeas Petition pending in case number 2:15-cv-533-TSZ-JPD (W.D. Wash.). The identical Motion was filed in both case numbers. In this Order, the Court will address only requests for relief related to this civil case, 2:14-cv-1388-BHS-DWC.

ORDER - 1

Supplement is granted; the Court reviewed the attached exhibits as a supplement to the pending Motion.

After review of the Motion and relevant record, Plaintiff's request for an extension of time is granted, request to file a supplement to his Amended Complaint is granted-in-part, and request for counsel is denied.

**A. Request for Extension of Time**

Plaintiff requests a sixty day extension to file a response to Defendants' Answer and to file a reply to Defendant's Response to Plaintiff's Motion for Temporary Restraining Order ("TRO"). Dkt. 67. Plaintiff was given until January 8, 2016, to file a reply to Defendants' Response to Plaintiff's TRO. *See* Dkt. 60. Plaintiff states he has been in administrative segregation without access to pens, paper, or his legal materials. Dkt. 67. Defendants do not object to any extension of deadlines associated with this lawsuit. Dkt. 68. Plaintiff's request for an extension of time is granted as follows: Plaintiff may file a reply to Defendants' Response to Plaintiff's TRO by no later than March 21, 2016. As a response to Defendants' Answer is not required, Plaintiff is not given an extension of time to file such response.

**B. Request for Permission to File Supplement to Amended Complaint**

Plaintiff also seeks permission to file a supplement to his Amended Complaint. Dkt. 67, p. 6-7. Plaintiff states he needs to add new defendants and facts which are a part of his original retaliation and active interference claims. *Id.* Plaintiff has not attached the amended complaint. Defendants request Plaintiff comply with Federal Rule of Civil Procedure 15(a), if he wishes to amend his Amended Complaint. Dkt. 68.

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure,

(1) *Amending as a Matter of Course*
A party may amend its pleading once as a matter of course within:
(A) 21 days after serving it, or
(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

(2) *Other Amendments*
In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

As Plaintiff has filed an Amended Complaint, he has amended his Complaint once as a matter of course and therefore cannot amend pursuant to Rule 15(a)(1). To amend his Amended Complaint, Plaintiff must have Defendants' written consent or the Court's leave. *See* Fed.R.Civ.P. 15(a)(2).

Defendants have not stipulated to an amendment because Plaintiff did not attach the proposed second amended complaint to his Motion. *See* Dkt. 68, p. 2. Further, without the proposed second amended complaint, the Court cannot determine if justice requires Plaintiff be given leave to amend.

If Plaintiff wishes to file a motion to amend, he may do so no later than March 21, 2016. If Plaintiff files a motion to amend, he must attach the proposed second amended complaint submitted on the form provided by the Court. The second amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the Amended Complaint by reference. The second amended complaint will act as a complete substitute for the Amended Complaint, and not as a supplement. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). The Court will review the motion to amend and proposed second amended complaint to determine if "justice so requires" the Court to give leave to amend.

1  If Plaintiff fails to file a second amended complaint on or before March 21, 2016, this
2  case will proceed on the Amended Complaint.

### C. Request for Appointment of Counsel

Finally, Plaintiff requests appointment of counsel. Dkt. 67, pp. 7-8. No constitutional right to appointed counsel exists in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (*quoting Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp of his case or the legal issues involved and an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

Plaintiff contends he needs counsel because Defendants are retaliating against him and denying him legal materials. Dkt. 67, pp, 7-8. He alleges he cannot think or focus. *Id.* at p. 8. This case does not involve complex facts or law, and Plaintiff has not shown an inability to articulate the factual basis of his claims in a fashion understandable to the Court. Plaintiff has also not shown he is likely to succeed on the merits of his case. Accordingly, Plaintiff's request for counsel is denied without prejudice.

### D. Notice to Plaintiff Regarding Non-party Court Communications

On December 30, 2015 and January 7, 2016, Ms. Kris Kain, a friend of Plaintiff, sent e-mails regarding Plaintiff's status to a Court email account established only for the receipt of proposed orders. The two emails were docketed in this case. *See* Dkt. 65, 66. As Ms. Kain is not a party to this lawsuit nor is she an attorney representing Plaintiff, the Court will no longer accept or docket emails or other correspondence from Ms. Kain or other non-party individuals.

### E. Conclusion

For the above stated reasons, Plaintiff's Motion is granted-in-part and denied-in-part. Plaintiff shall have until March 21, 2016 to file a reply to Defendants' Response to Plaintiff's TRO and a motion to amend his Amended Complaint; however, counsel will not be appointed at this time.

The Clerk is directed to provide Plaintiff with the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint.

Dated this 9th day of February, 2016.

David W. Christel
United States Magistrate Judge