## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF WASHINGTON

MAtthew R. RuTH
Kristine A. KAIN

_____

(Name of Plaintiff)

vs.

Patrick Glebe, et al....

_____

_____

_____

_____

(Names of Defendant(s))

2:14-CV-01388-BHS-DWC

***AMENDED

CIVIL RIGHTS COMPLAINT
BY A PRISONER UNDER 42
U.S.C. § 1983

**I. Previous Lawsuits:**

A. Have you brought any other lawsuits in any federal court in the United States while a prisoner?:

☐ Yes      ☑ No

B. If your answer to A is yes, how many?:_____🖉_____. Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper using the same outline.)

1. Parties to this previous lawsuit:

Plaintiff:_____N/A_____

Defendants:_____

_____

2

2. Court (give name of District): _N/A_

3. Docket Number: _N/A_

4. Name of judge to whom case was assigned: _N/A_

5. Disposition (For example: Was the case dismissed as frivolous or for failure to state a claim? Was it appealed? Is it still pending?): _N/A_

6. Approximate date of filing lawsuit: _N/A_

7. Approximate date of disposition: _N/A_

**II. Place of Present Confinement:** _Stafford Creek Corrections Center_

A. Is there a prisoner grievance procedure available at this institution?   ☑ Yes   ☐ No

B. Have you filed any grievances concerning the *facts* relating to this complaint?
   ☑ Yes   ☐ No

   If your answer is NO, explain why not: _I did. I was threatened And Placed on strip cell, I was sqwared, Placed In segregation And on No Pen, No Paper No Books._

C. Is the grievance process completed?   ☑ Yes   ☐ No

   **If your answer is YES, ATTACH A COPY OF THE FINAL GRIEVANCE RESOLUTION for any grievance concerning facts relating to this case.**

**III. Parties to this Complaint**

A. Name of Plaintiff: _Matthew R. Ruth_   Inmate No.: _879442_

   Address: _191 Constantine way, Aberdeen, WA 98520_

(In Item B below, place the full name of the defendant, his/her official position, and his/her place of employment. Use item C for the names, positions and places of employment of any additional defendants. Attach additional sheets if necessary.)

B. Defendant: _See Complaint_   Official Position: _N/A_

   Place of employment: _N/A_

C. Additional defendants    See Complaint

_____

_____

_____


## IV. Statement of Claim

(State here as briefly as possible the <u>facts</u> of your case. Describe how each defendant is involved, including dates, places, and other persons involved. <u>Do not give any legal arguments or cite any cases or statutes</u>. If you allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets if necessary.)

See Complaint

4

**V. Relief**

> (State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.)

_____
_____
_____
_____
_____
_____
_____
_____

I declare under penalty of perjury that the foregoing is true and correct.

Signed this _____ day of _____ 20 _____.


_____
(Signature of Plaintiff)

5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MATTHEW R. RUTH,
Kristina A. Kain
      Plaintiff,

V.

Patrick Gelebe, Superintendent,
Et al ...

      Defendants.

No. 2:14-cv-01388-BHS-DWC

CIVIL RIGHTS COMPLAINT
UNDER 42 U.S.C. § 1983

## 1. INTRODUCTION

The defendants are violating Mr. Ruth and Ms. Kain's Constitutional rights to communicate through the mail. Exh. 1 Roy Gonzalez. The defendants are discriminating against Mr. Ruth and Ms. Kain because they are prisoner rights activist exercising constitutional rights. The defendants retaliation and active interference results in policy being applied unconstitutionally and Mr. Ruth being denied access to the courts, and any chance of meaningful litigation. Exh. 2 Appeal of retaliation claim; Exh. 3 Clara Curl rejection. This undue interference is also violating Mr. Ruth's Right to freedom of information.

The defendants have cause Mr. Ruth's appeals to be dismissed and prevented Mr. Ruth from supporting claims previously raised and developing new claims. Exh. 4 10-21-13 & 5-20-14 rejection; Exh. 5 Final Grievance. These rejections have resulted in actual injury and are still prejudicing Mr. Ruth's appeals. Exh. 6 Motion for extension of time; Exh. 7 Motion to modify. Mr. Ruth is barred from using this evidence in the appeals that have been dismissed, and is being prevented from using this evidence in active appeals.

-1-

The defendants Active interference has violated Mr. Ruth's Rights to Adequate, Effective, and Meaningful Access to the Courts, Effected Communication, Equal Protection, Substantive & Procedural Due Process, Cruel & Unusual Punishment; Pursuant to the First, Sixth, Eight, and Fourteenth Amendment Rights to the United States Constitution; Wash.Const.Art. 1 § 3, 5, 13, 14, 22; and DOC POLICY 500.590. Also, these Rights were violated by the defendants interfering with the expression of communicate between Mr. Ruth & Kristine A. Kain. 590.500(I)(D)(Offenders will have the opportunity to communicate with family members, friends, and support groups by means of visitation, MAIL, and/or telephone to obtain assistance pursuing legal matters).

Mr. Ruth request that he is appointed an attorney to litigate this Civil Complaint because Mr. Ruth is Pro Se and not trained in the law. Mr. Ruth will not be able to articulate this claim properly before the Court.

## 2. JURISDICTION & VENUE

1. This is a civil action authorized by 42 U.S.C. section 1983 to redress the deprivation, under the color of state law, of rights secured by the Constitution of the United States. The Court has jurisdiction under 28 U.S.C. Section 1331 and 1343(a)(3). Mr. Ruth seeks declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202. Mr. Ruth's claims for injunctive relief are authorized by 28 U.S.C. Section 2283 & 2284 and Rule 65 of the Federal Rules of Civil Procedure.

2. The Western District of Washington at Seattle is an appropriate venue under 28 U.S.C. section 1391(b)(2) because it is where the events giving rise to this claim occurred.

-2-

### 3. Plaintiffs

3. Plaintiff, Matthew R. Ruth, is and was at all times mentioned herein a prisoner of the state of Washington in the Custody of the Department of Corruption, Stafford Creek.

### 4. Defendants

4. Defendant Patrick Glebe is the Superintendent of Stafford Creek. He is legally responsible for the overall operation of the prison and for the welfare of all inmates. He upheld all the mail rejections and issues an om classifying constitutionally protected mail as a security threat.

Defendant, Roy Gonzalez is the correctional manager prison Division. He is personally responsible in ensuring that the operation of the facility is lawful, legal, and fair.

5. CC II Gorham for confiscating my legal documents and making me miss deadlines; Sgt. Martinez for placing me on strip cell, stealing my legal property, and attempting to blackmale inmates into lying so that I could get a Segregation program, and for threatening to place me in segregation if I file a grievance; C/O Sutherby for illegally searching my cell and stealing my legal work, C/O LaRose the same; CUS Shanahan for threatening to place me in segregation, allowing and ordering the retaliation, and for letting Sgt. Martinez attempt to blackmale inmates; C/O Hensley for taking my legal work; Mailroom employees: T Matsen, D. Dixon, M. Dragoo, Sgt. Sullivan, Captain Daniel Davis and Clint May; and whatever employee denied sending my legal mail due to NSF. Et al...

Also, all employees that denied to process my marriage application to Kristine A. Kain, this is discrimination and retaliation.

6. Each defendant is sued individually and in his official capacity. At all times mentioned in this complaint each defendant acted under the color State law.

-3-

## 5. FACTS

7.    In order for Mr. Ruth to make this claim clear he must explain the procedural history and current status of his criminal Appeals. Mr. Ruth was reversed and remanded on Direct Appeal by the Washington State Supreme court in **State v. Ruth**, 167 Wn.2d 889 (2010)(Link at WWW.GUILTYASHELLRECORDS.COM).

8.    During the Snohomish County, re-sentencing Mr. Ruth used discovery tools to develop off-the-record facts to present legal issues to the trial court. Under Washington State Law this initiated an appeal as a matter of right. Mr. Ruth hired Mark D. Mestel for the re-sentencing. Mr. Ruth was misinformed about his appeal rights at the re-sentencing. The Stafford Creek Law Library is so out-dated Mr. Ruth did not discover this fact until a year after the Statute of limitations had ran out. Mr. Ruth has a Motion for Extension of time to file a notice for direct appeal pending in Division One, Case No. 71560. In that Motion Mr. Ruth proved that the Active Interference from the defendants prevented Mr. Ruth from presenting the motion in a timely manner. That Motion is going before a three Judge Panel.

9.    On December 5, 2011, Mr. Ruth and Mr. Mestel filed a RAP 16.3(a) Personal Restraint Petition (PRP), in Division One, COA No. 683802-I. That PRP was placed on Stay pending the State Supreme Courts final Decision in **State v. Sublett**, 176 Wn.2d 58 (Nov-21-12).

-4-

10. Kristine A. Kain sent Mr. Ruth a Copy of the **Sublett** Decision the day the opinion was issued on November 21, 2012, the Mail Room Rejected the case law as "Mail containing information that, if communicated, could create a risk of violence and/or physical harm to any person." (Exhibit "8" Rejection# 39851). Ms. Kain & Mr. Ruth appealed, and Ms. Kain sent the **Sublett** decision out again, however, on November 30, 2012 the mail room rejected the case law again. (Exhibit "9" Rejection# 39913). Mr. Ruth & Ms. Kain both appealed again. (Exhibit "10" Appeal by Mr. Ruth).

11. Mr. Ruth has 30 days to formulate his supplemental briefing pursuant to **Sublett** & **Wise**. The Decision was published by the State Supreme Court on November 21, 2014, Correctional Captain Clint May did not grant Mr. Ruth's appeal until December 13, 2012, and Mr. Ruth was not given the rejected Case law until after Christmas. (Exhibit "11" Clint May Granting appeal).

12. Mr. Ruth was still filing grievances and appeals on the same issue a year later, and the grievance coordinators kept rejecting the grievances as not grievable. Mr. Ruth wrote the grievances every way possible challenging retaliation for the successful appeal & Staff applying policy unconstitutionally. (Exhibit "12" 12-5-13 Grievance Log I.D. 13550964).

13. Mr. Ruth was reduced to Pro Se status for the reply brief on the PRP due 9-18-13. Mr. Ruth had personal 9x12 envelops he purchased from the commissary. Mr. Ruth had the 9x12 envelops stamped "Legal Mail." Mr. Ruth needed to send the Reply brief with exhibits to Kristine A. Kain to make electronic copies, and file with the court of appeals, per Doc Policy 590.500(I)(D), this is part of "Meaningful Access" to the Courts. On 9-9-13 Mr. Ruth asked C/O Sherman what he should do to properly send out the pro se reply brief to Ms. Kain.

-5-

C/o Sherman said to black out the legal mail stamp with a sharpee. Mr. Ruth did as instructed by C/O Sherman, and C/O Sherman placed the 9x12 envelops in the regular mail, not the legal mail box. (Exhibit "13" Grievance LOG I.D. 13545874).

14. Mr. Ruth was not notified until five days later (9-14-13), that on 9-13-13 the mail room misrepresented material facts to confiscate Mr. Ruth's Reply Brief and send it to WDOC headquarters for inspection. The Mailroom checked Box "17. Mail purported to be legal mail, but upon visual scanning for contraband is determined to be general correspondence." (Exhibit "14" Mail Rejection# 43957 & 43958). Rejection reason #17 only applies to Mail in the legal mail Box, not mail in the general mailbox. The Blacked out legal mail stamp is also an indicator that the mail is not purporting to be legal mail.

15. Mr. Ruth appealed to Captain Clint May, who also misrepresented material facts. Captain May believed the mailroom only rejected Mr. Ruth's mail because he misused a "Legal Mail" Envelop. First, the envelop was not the color of "legal mail" envelops, which are tinted, it was Mr. Ruth's personal envelop that he had stamped "Legal Mail" in the law library because he was going to use the 9x12 envelops for the "Legal Mail" Box. However, when reduced to Pro Se status Mr. Ruth could not wait 14-days to receive non-stamped envelops from the prison commissary. Commissary comes every 14-days. Mr. Ruth approached C/O Sherman for assistance, and was instructed to merely black out the legal mail stamp.

-6-

Second, the Mail came in the regular mail bag because it is not being sent to an attorney, or the courts, so the rejection# 17 is not applicable. Mr. Ruth did nothing wrong and WDOC actively interfered with Mr. Ruth's Constitutional Right & DOC POLICY 590.500(I)(D) right to access the Courts. Mr. Ruth had to asks Division One for an extension to get copies, however, Mr. Ruth was denied copies, and had to send out his only copy to Division One.

16. Roy Gonzalez, Correctional Manager and Defendant, returned the rejected mail from Headquarters to Stafford Creek Stating "Outgoing Mail rejection notices are sent to HQ to review for content. Not misuse of envelopes. These items can be returned to Offender's to be mailed the proper way. If they choose to not mail in proper way, then Infraction may be given." (Exhibit "15" 9-16-13 Roy Gonzalez). Mr. Ruth did mail the Reply out the proper way, however, the gross incompetence of the WDOC and Stafford Creek Corrections Center would rather give Mr. Ruth an infraction then admit they made a mistake.

17. On February 10, 2014 Mr. Ruth had to file a Motion for Extension of time in the State Supreme Court on Case# 89906-1 because the "Active Interference" of WDOC reached new levels and continued to prevent Mr. Ruth from Adequate, Effective, and Meaningful Access to the Courts. Mr. Ruth was not allowed to view any up-to-date relevant case law to prepare his Appeals. (Exhibit "6" 2-10-14 Motion for Extension of Time). Defendant, Patrick Glebe in response to Mr. Ruth & Ms. Kain appealing the rejection of new case law (which is not being provided in the law library), issued an operational memorandum classifying new case law as a threat to the security and order of the facility. (Exhibit "17" Rejection# 45271 (12-11-13); Rejection# 45773

-7-

& Appeal to Captain May (12/26/13); Rejection# 45823 & Appeal to Captain
May (12-31-13); Rejection# 46290 (1-28-14); Rejection# 46291 (1-28-14);
Rejection# 47015 (3/13/14)).

18. The Operational Memorandum violates Mr. Ruth's Constituional and Statutory
Rights. The OM is in direct conflict with Section VI. OFFENDER POSSESSION
of LEGAL MATERIALS, 590.500(VI)(D) "Legal Materials ... copies of prior cases,
and other public documents and have a very common and general availability
and use will be handled the same as all other offender property, books, and
papers." The Defendant Patrick was notified by Mr. Ruth & Ms. Kain of the
Rights that were being violated, Mr. Glebe knew they are clearly established
Rights; and the OM proves he is personally responsible for the violation
of Mr. Ruth's Rights. The Defendant is not entitled to qualified immunity.

19. The Law Library is 3 - 6 Months out-of-date at all times, which is a
direct violation of DOC POLICY 590.500(IX)(A) "Offenders will contain relevant
and up-to-Date constitutional, statutory, and Case Materials, applicable
State and Federal court rules, and practice treatise." Mr. Ruth sent a kite
to the Law Librarian Mr. Thompson asking when the Law Library Computers would
be updated? The Response is "Updated Quarterly." (Exhibit "18" Kite from
Law Library). This Proves the law library is 3 months out-of-date, however,
the response is not factual. Even right now the newest case law is April
10, 2014, today is September 2, 2014, almost five months, out-of-date. The
Law Library is only updated every six months, and not to current date. The
update leaves Mr. Ruth at all times 3 months behind.

-8-

These are the reasons Ms. Kain assisted Mr. Ruth, so that he can receive up-to-date case law. It is hard enough competing against the Prosecution from the disadvantages of being in prison, out-dated case law is cruel and unusual. It is no fun when the State uses a case against Mr. Ruth that he did not know about, and he cannot get a copy of the case. The Law Library will not obtain new case law for Mr. Ruth when this does happen. (Exhibit "19" Law Librarian refusing to get new case law for Mr. Ruth). The State & the Court used cases against Mr. Ruth that he had never even heard of & had no access to read. Mr. Ruth was on lockdown during a facility stabbing incident between Mexican Gang Members, and ironically the Mailroom rejected the cases as a security threat, and the law library refused to give them to Mr. Ruth. The Response being that "Case Law is available on Law Library Computers." (Exhibit "19"). The cases were not available on the computers. Also, the entire facility was on lock down, and not allowed to go to law library for over one-week. These facts become important when the reasoning of Defendant Gonzalez is considered for denying Mr. Ruth's appeal. (Exhibit "1" Mail rejection Appeal 1-7-14, Roy Gonzalez).

20.  Mr. Ruth appealed all of the mail rejections to WDOC headquarters, and appealed Patrick Glebe's Operational Memorandum. On January 7, 2014, Roy Gonzalez upheld "the facility's decision to deny." (Exhibit "1"). Mr. Gonzalez and Mr. Glebe have classified up-tp-date case law as "information about other offenders. Per DOC Policy 450.100 mail that threatens the security and orderly operation of a facility can be rejected. Offenders in possession of information about another offender to include, case law, or another offender's legal material is not allowed. The Facility's ability to operate in a safe and secure manner supersedes your right to possess the case law in question." (Exhibit "1").

-9-

As Mr. Ruth stated in Exhibit "2" page six, "Never, not one time, has the rejections identified what the restricted documents are, and how these phantom documents create a reasonable probability of a real security threat. The Prison Administration and Mail room cannot because the inmates in the case law are either, not incarcerated, or not incarcerated at Stafford Creel. Some of the rejected documents are Mr. Ruth's very own, personal docket information. Even if the inmate was incarcerated in SCCC, case law can never be labeled a security threat. If a case is that high profile, it will be on T.V., in the news papers, etc. That one rare high profile inmate does not create justification to violate Mr. Ruth's and Ms. Kain's Rights.

"The Superintendent has a reasonable alternative, and executed it on the Barefoot Bandit when he arrived at Sccc, and he was placed in protective Custody (PC), until it was deemed safe for him to walk the main line. The mail room did not reject the newspapers and magazines glorifying this criminal, nor ban the T.V. programs about him. Washington Prisons, especially Stafford Creek, are not anything like California, or New York Prisons. There is no security threat." (Exhibit "2" at page six).

"If case law is a security threat, then how come it will be placed on the law library computer six months from now? After Mr. Ruth is time barred, or missed the only opportunity to make the winning argument. The Superintendent cannot provide an inadequate out-dated-law library, and then restrict my legal access to just that out dated source." (Exhibit "2" at page six).

-10-

21.  Next, Mr. Gonzalez erroneously claims that "case law material needed for your Personal Restraint Petition is contained within the facility Law Library and can be viewed there. **However, you cannot receive copies of these cases.** If you are required to use such case law in your arguments with the courts you may reference them in your petition. The courts will **accept** them as references and they have all case law available to them for viewing." (Exhibit "1" Roy Gonzalez).

The Court's will not accept mere references to case law that Mr. Ruth does not know exist because it is not available in the law library. "The Law Library is at all times 2 to 6 months out of date. The only access Mr. Ruth has to new Law is from Ms. Kain. Mr. Ruth has no way of knowing what case law to request from the Law Library, unless it is on the Law Library Computers .... The Law Library request take weeks to be sent to Mr. Ruth. It is unreasonable to restrict Mr. Ruth's Access to only the Law Library." (Exhibit "2" at page Seven).

"Mr. Gonzalez mistakenly believes that since the Courts have all case law, Mr. Ruth does not need to read the cases, or know the names of the cases because the courts will reference the applicable cases and make all the relevant arguments for Mr. Ruth. How can Mr. Ruth reference case law that he does not know the name of? The up-to-date case law is not available and Mr. Ruth is not psychic. The Courts will not make arguments for Mr. Ruth." (Exhibit "6" Motion for Extension of time at page two).

22.  "The Constant interference with Mr. Ruth's and Ms. Kain's protected right to communicate in the assistance of pursuing legal matters is an extraordinary circumstance that is illegally preventing Mr. Ruth from effectively, adequately, and meaningfully litigating and filing a timely motion for discretionary review." (Exhibit "6" at page four).

-11-

23. The Defendant Gonzalez was notified by Mr. Ruth & Ms. Kain of the Rights that are being violated; the defendant knew the Rights are clearly established; and the Mail appeal rejection in Exhibit "1" & the final grievance denying the PDF Format Cd's in Exhibit "5" by defendant Gonzalez makes him personally responsible for violating Mr. Ruth's Rights. The Defendants are not entitled to qualified immunity.

24. On October 21, 2013 while Mr. Ruth was reduced to Pro Se Status and preparing for Motion for discretionary review & Supplemental Briefing for Motions after the Stay was lifted, the Mailroom rejected Mr. Ruth's case file sent by attorney Mark D. Mestel. Mr. Ruth appealed. (Exhibit "4" Mail rejection). On May 20, 2014 the Mailroom rejected Mr. Ruth's PDF format public records request from the prosecutions office, while he was preparing for Motion for Discretionary review. Mr. Ruth has never seen the discovery and case files the Prosecutions office is in possession of and placed on the cd for Mr. Ruth. (Exhibit "4" Mail Rejection). This is the first time Mr. Ruth was able to afford the Discovery because the Public Disclosure specialist has the technology to place the discovery on cd for a cheap price versus the thousands it would cost in paper.

25. Mr. Ruth filed a grievance stating "DOC Policy 590.500 does not prevent my attorney or the prosecutions office from sending me my discovery on CD. It does not state that a criminal discovery must be on silk screen. There is no difference between the prosecution sending me paper or CD, except that I cannot afford the copy cost, only the CD. Tuffree said I cannot have a CD unless silk screened. My County does not silk screen they Dymo. This violates my right to meaningful access to the courts & 590.500. REMEDY: Allow me to have the CD & give me $100,000 for violating my rights." (Exhibit "5" Level I Grievance, LOG I.D. 1455004). This grievance was denied.

-12-

26. Mr. Ruth appealed the level I grievance being denied. In the Appeal to Level II, Mailroom Sergeant Sullivan interviewed Mr. Ruth. Sgt. Sullivan conceded that the Policy is not fair and violated Mr. Ruth's Rights, however, she also said that her boss would not care. She was right, her boss & Defendant Patrick Glebe, Superintendent, denied the Appeal to Level II. (Exhibit "5" Appeal to Level II).

27. Mr. Ruth appealed to Level III, which is to WDOC Headquarters. Mr. Ruth stated: "The current policy is not processing CD's according to 450.100 & 590.500, for the reasons originally stated. Also, the Spirit of 590.500 is to prohibit & prevent WA DOC's active interference with my rights to meaningful access the courts. MY APPEAL has already suffered from this facilities constant interference. The prosecution's office used a secure DYMO standard & I can't afford killing trees to get a paper copy for 1,500. I can afford the $3.88 CD. REMEDY: Give me &100,000 for violating my rights and allow me to have the CD." (Exhibit "5" Appeal to Level III, LOG I.D. 14555004).

27. The Defendant DOC Manager Roy Gonzalez reviewed the grievance and provided the response denying the appeal to level III, the final grievance. Mr. Gonzalez stated: "Since the CD is not an audio recording and PDF or Document CD it is not eligible for retention by the Superintendent/Designee." (Exhibit "5" Level III). Contrary to Mr. Gonzalez's assertion the CD is a PDF Format CD, the issue was merely over the label, the mailroom erroneously claimed the label must be silk screened. Mr. Gonzalez is not in touch with the facts, and by his own admission because the CD is in a PDF Format Mr. Ruth is correct, the Policy allows the CPM to hold the CD, then give it to Mr. Ruth to view on the computer. The Silk Screen is only required for IRSB audio hearings.

-13-

Mr. Ruth asserts that it is cruel and unusual punishment to prohibit an inmate from accessing the courts and developing facts for his issues. The defendants have violated both Mr. Ruth's 8th Amendment and Article 1 § 14 Constitutional rights to the Federal and State Constitution. Exh. 6 Pages 5 - 6.

30. Mr. Ruth incorporates all the facts and legal claims into this paragraph from Exh. 20 Plaintiff's response to Defendants' Motion to Dismiss.

31. Mr. Ruth incorporates all the facts and legal claim from Exh. 21 into this paragraph. Especially, Appendix I & C of Exh. 21 which outlines the facts for the Sgt. Martinez incident. Mr. Ruth attempted to file grievances to exhaust, but the response to the grievance was illegal cell searches and threats from Sgt. Martinez and Cus Shannahan.

The defendants actually confiscated case law and legal briefing written by attorneys that was Mr. Ruth's personal property. The defendants alleged the confiscated documents are other offenders property and security threats. The Courts and Mr. Ruth's attorney sent in most of the cases and briefing. Pursuant to Policy 590.500 Mr. Ruth is allowed to possess these items. The defendants attempted to get some of the inmates involved in the cases or briefs to lie and say that Mr. Ruth stole their legal property or was paid money to help them. If they lied the inmates would get back their property, if not the documents would be shredded.

32. Mr. Ruth incorporates all the legal and factual claims from Exh. 22 into this paragraph. In Exh. 22 are Exh. 1 - 4 which support the Sgt. Martinez incident.

-16-

Also see, Exh. 23 declaration of Kamara Chouap.

33. Mr. Ruth incorporates all the facts and law from Exh. 24 into this paragraph.

34. Mr. Ruth incorporates the legal and factual basis of Exh. 25 and 26 into this paragraph. This proves the defendants actually injured Mr. Ruth by making him miss a court deadline and rejecting the paper copies of some of his case file. This evidence also proves that the defendants are discriminating against Mr. Ruth and Ms. Kain because they are prisoner rights activist who exercise their constitutional rights. Ms. Kain and Mr. Ruth's relationship is strongly based on legal, political, and WDOC conversation topics. Mr. Ruth and Ms. Kain have a 1st and 14th Amendment right to communicate this information to each other. Plus, pursuant to policy 590.500(I)(D<sup>||</sup> Ms. Kain has the right under the scope of meaningful access to assist Mr. Ruth in pursuing legal matters. The defendants active interference has violated their rights to free speech, expression, and information. Also, access to the courts and resulted in Mr. Ruth's appeals being dismissed and Mr. Ruth unable to support his active appeals with sufficient factual evidence. Plus, make the up-to-date and thorough legal arguments. Mr. Ruth is not allowed to compete against the state.

35. In Exh. 27 is cases from other jurisdictions, Federal cases, and State cases that Mr. Ruth did not have access to, or know about due to the active interference of the defendants. The law library is 3 to 6 months out of date, and the defendants rejected this information when sent in by Ms. Kain. When Mr. Ruth finally accessed some of it, the Statute of limitations had already run out. RCW 10.73.090. Mr. Ruth could not amend the appeals, or raise the

-17-

claims in the original petition. Mr. Ruth attempted to file the cases and arguments in the Reply, but the court denied it, and that is actual injury. See Exh. 7, Active interference from WDOC prevented Mr. Ruth from meaningful access to the courts.

36. Mr. Ruth could not meet the Yates Standard and was denied the Yates case. Mr. Ruth brought this up in his Habeas Corpus. Mr. Ruth did not have either Chetty case in time. Mr. Ruth did not have In re Adams in time. Mr. Ruth did not have U.S. v. Juan in time. Along with many other cases, legal review, etc ... that resulted in Mr. Ruth either being unable to raise the claims, or his appeal being dismissed. Ruth does not have access to other jurisdictions and failed on appeal because he could not meet the experience and logic test because the defendants denied the research Kris. A. Kain sent to him via mail. This is just a few examples.

37. The defendants rejection of Mr. Ruth's case file caused his appeals to be denied, prevented him from raising meritorious claims arising from the case file and discovery, and is injuring his current appeals. This is actual injury Mr. Ruth is time barred and cannot raise new issues or support old issues.

38. The defendants have also retaliated against Mr. Ruth by refusing to process his marriage application to Ms. Kain. Exh. 28. Mr. Ruth and Ms. Kain completed every requirement under the policy. Mr. Ruth's name change is available for viewing at the auditor's office web site. Mr. Ruth's social security is the same on both names. However, the defendants would not process the application. This is discrimination and retaliation for the civil suit and for exercising their constitutional rights. The information Ms. Kain

-18-

Sends WDOC lawyers in to try to stop and prevent MR. Ruth by helping him exercise his rights more effectively. WDOC does not want MR. Ruth winning his appeal for the second time, nor this Law Suit.

The WDOC created a strict test in policy 500.100 and 500.200 that is applied to every inmate the same. This creates a liberty interest to MR. Ruth to be treated equally to similarly situated offenders. The defendants have delayed MR. Ruth's marriage by requiring him and MS. Kain to meet an additional standard not in the policies, nor applied to any other inmate. MR. Ruth's name change info is available on the internet to WDOC through the Public Safety Department's auditor office. This retaliation has prevented MR. Ruth and MS. Kain from getting married and getting trailer visits so they can make a baby. MS. Kain and MR. Ruth are getting older and will not be able to procreate on MR. Ruth's ERD due to old age. This is done intentionally to hurt MR. Ruth and MS. Kain.

Amended complaint and defendants

39. MARGaret Gilbert, for illegally and unlawfully without justification placing me on No paper, no pen and no Book restrictions in segregation denying me access to the court making me miss my 12/31/15 deadline in the state supreme court, the seattle & Tacoma district 1/8/16 deadlines. Superintendent Gilbert was informed of my deadlines and order these mods and an illegal pre-hearing confinement for a falsified WIA. before the holidays and my christmas packing out of pure retaliation for exercising my rights in PoSaN on the internet about my law suit and the death of Michael Lindsey by this facility. I also spoke to the media. This happened right after my viral postings and Media conversations. Also after grievances against the facility for failing to send out my legal mail and not allowing me my discovery which caused my appeals to be dismissed and is prejudicing my current habeas corpus. Recently I have been unlawfully placed in segregation again and denied legal materials, supplies, law library, and grievance process. Plus I have notified Gilbert of this and the fact that J. Thompson and S. Sullivan will not let me send out legal mail.

—19—

locked in segregation and will not let me access the
courts. They are also threatening to "bury me" and
are pulling strings out at olympia Headquarters to have
me shipped to walla-walla because it is so far
away from my family and fiancee. Hus they believe
the chances for bad things to happen to me and
for me to get into trouble increase at walla-walla.
See Exhibit 34, 33, 37, and 34 for the facts and evidence to
support this claim. Gilbert also left me in seg. past my release date.
And denied me revolur and legal mail.

40. C/O Sayr for falsifying a U.A. against me, not Following
The procedures listed in the Biotech instruction manual
and destroying my cell on 1-18-16 out of retaliation and to actively
interfer with my legal work. See Exhibit 31 for facts
and Exhibit Eight in Exhibit 31. See Exhibit 32 for facts and
Exhibit seven in Exhibit 32.

41. C/O Cline, C/O witt, for repeatedly searching my cell
and stealing my legal work and messing up my cell so
that I cannot meet deadlines. Done out of retaliation.
See Exhibit 31 for facts and Exhibits.

42. Thomas L'Heureux for retaliating against me for exercising
my constitutional Rights and denying me process in the Infraction
hearing for the falsified U.A. See Exhibit 34. The
Some evidence standard of proof was used versus the correct pre-
ponderance of the evidence. T. L'Heureux violated my due
process by not presenting the physical evidence, securing it,
or sending it to the lab for confermation as the Instruction
manual states. I incorporate all the Factual parts into
this section from exhibit 34, not the Legal Portions.

guilty of a 606 Reduced from a Trumped up 603, when he Knew Forrest Amos on 12/29/15 admitted all the guilt for the 606. I did 5 Extra days in Segregation and was Demoted custody for this infraction. This infraction was dismissed on Appeal. At this moment I have been illegally & unlawfully placed in Segregation again and have been denied access to the courts and my legal property so I do not have the exhibits at this time. See Exhibit 35.

T. L'Heureux also denied me process on the 556 that put me in Segregation Now. This is all out of Retaliation Designed to hurt me for exercising my Rights. This is to Reduce and demote me to close custody Walla-Walla Versus Callam bay to hurt me and my family. T. L'Heureux used the same evidence Standard versus the Preponderance of the evidence standard and denied me process. I have my Appeal in on this infraction. This 10 point matter is what zeroed my points out. This is all harrassment and retaliation designed To interfer with my ability to access the courts and follow the intent of the SRA. See Exhibit 36.

43. CUS Cherry for approving the Pre-Hearing confinement For a 752 on 12/23/15. This never Happens, especially, Since I had full points. When I was in Segregation I was in FB-1. Andrew Everton was in the same Pod. He Had a 607 and 752 within six months, automatic closed custody And he was Not placed on Pre-Hearing confinement or the Pen, Paper, Book Restrictions. The same with FB-03 came in 1-8-16 at 2:54 P.M. A.K.A. Wolf. FB-05 a Norteno gang member had a dirty U.A. And was not placed on Pre-Hearing confinement. He then went to the visiting Room and got caught with an 8-Ball of Meth. 15 days Seg No Restrictions. Tim Bronson

-21-

For Asking Mr. Ruth, Branson was found In Possession of Drugs. That is way worse than a 052 it is a 603 20 Point Major and Two Year Tag. Entered Into seg on 12/24/15 one day after Ruth And he was given 10 days Seg and No Pen, Paper, Book Restrictions. (lo crane, AndHing, Ivy, sherman all stated they have Never Seen That happen before. It was because I spoke To Kyle from the daily world (360) 537-3932 about my law suit and Michael Lindsey's death and my viral Googlet and Facebook Postings. This is Pure retaliation and the consequence is active interference with my Access to the courts. Another Person from H3 was Placed in Seg a servo In FB-17, 603 10-days, No Restrictions And him And Branson were Re-classified to Medium and let out on Time. I was left In seg for days Past my Release date. Sarah Sullivan and sgt. walden told me It was because Superintendent Gilbert Refused to Sign my release. cus cherry Particicated In this brutal Retaliation. That Made me completely MISS my case # 71560-7-1 deadline IN the supreme court. my Petition for Review was almost done before clone And witt destroyed It And I was Not allowed my legal Property to Re-draft It. see Exhibit 37.

44. Grievance Coordinator, Karen McTarsney, for denying me grievance process out of retaliation on the behalf of Magreat Gilbert, I & I U, et al..... The consequence is active interference with both my right to access the courts, receive my legal mail, and regular mail. The first day I was placed in segregation on 12/23/15 I was only allowed to write one grievance with the help of c/o Ivy. I could not have pen or paper. I grieved that c.III Bodwell handed me legal mail received by the facility on 12-17-15 on 12-23-15; 2.) That out of retaliation for the active law suit against WDOC and Stafford creek, talking to News paper reporters about the law suit and death of Michael Lindsey that I & I & the superintendent abused the power by placing me on PHC and restrictions the consequence that I will miss my legal deadlines and lose earned release time. This was filed on 12-23-15 and was not looked at until 12/30/15. Log I.d. 1501450. McTarsney barred the grievance as non-grievable for three reasons that make no sense: 1) one issue per form; 2.) MOS isn't grievable as disciplinary sanctions have an appeal process; 3.) write your issue with Bodwell on a new form. See Exhibit 38. This is just a design to deny me process out of retaliation. First, I could only write one grievance with the help of staff since I was on restrictions notice the signature

-23-

said, "... ... the Rods were given to me the First day of Seg on Pre-hearing confinement before I was even served an infraction, or had a hearing, so how is it a sanction? Lastly, CCIII Bodnell is an A3 counselor, Not even My Counselor, I am in Seg. This is Pure Retaliation.

The Mail sent on the 12-17-15 was an order from the court on the law suit It was opened) and Read AND Not given to Me UNTIL 12-23-15, It was the order for DiBBle to Respond to the TRO. This violates My Rights under 1st, 8th, and 14th. The same happened when Ms. DiBBle sent the TRO Reply, the court sent the Facility the Response on the 28th and I received it the NIGHT of the 31st opened outside My Presence. See Exhibit 39. K. Mctarsney Played the Same game and wouldn't Process the grievance.

I Rewrote the Retaliation grievance against the Superintendent. Mctarsney Played games again claiming I am Placement and sanction can Not be Grieved. I was grieving the Retaliation and Active Interference that Made me MISS My Deadlines and get My 12/30/15 Deadline dismissed, The loss of My Food Package, etc.... Exhibit 40. I grieved MS. Mctarsney for Retaliation and denying me Process but have Never heard anything back, or given a copy it magically disappears, Just Like the same grievance against D. Dahne CSII.

I even _____ ation And Active interference showing that I informed everybody of my legal deadlines but still nobody will give me my legal Property or my legal mail. I even notified them that I missed my state supreme court deadline. Exhibit 41. No action was taken instead Ms. McTarsney played word games again claiming I was grieving IMU Placement & sanctions, that is not what I was grieving. She also lied saying that on Prehearing confinement I "can request a delay of sanctions due to court imposed deadlines." Exhibit 41. Liar. Pre-Hearing confinement means that before your served an infraction, and before your hearing the Prison officials arrest you in cuffs, throw you in segregation, and then at any time give you service and a hearing. I cannot request a delay of Pre-hearing confinement. And I challenged the No Pen, No Paper, No Book restrictions every which way possible. Everybody including the hearing officer told me they are not sanctions and are non appealable.

I once again grieved the fact that I was not being given my legal mail. At no time did I say that Ms. Hain is or was an attorney. Look at the way the barred me from ANY Process, investigation, etc.... Exhibit 42. Pure Retaliation And stopping me from collecting evidence for this law suit. This is not the first time defendant McTarsney has done this to me, even before this 12/23/15 seg. incident when defendant Martinez was super dooper retaliating against me when I was housed in H4 as. McTarsney was denying me process. I filed grievances for four

-25-

Months my mail to B-13, Sgt. Martinez, c/o Sutherby, and
c/o Larose. The only Response I received was cell searches,
strip cell on mainline (that never happens), and my legal work
destroyed, stolen, and read. EXHIBIT 43. I finally
filed a grievance while in H3 wondering about the status of my
grievances. Exhibit 43. I did this in H4 and never heard anything
back. An interesting fact is that I was in H4 for a few
years with no problems until Sgt. Martinez became the Sgt.
Then I was moved to H3 so that I could not collect any evidence
from H4 for this suit. I did fine in H3 until the hit
squad Sgt. Martinez was put in H3, and the same day
he started harrassing and retaliating against me. That is
when all the madness started that led to the 12/23/16 seg.
I was to incorporate all the factual portions of Exhibits 38-
43 into this section, not the legal conclusions.
             If it was not for KRISTIN A. KAIN's e-mails to both this
Most Honorable court and the Seattle Division I would not
have been able to file a motion for extension of time.
EXHIBIT 44. K. McCartney's retaliation and active interference
tactics violate my 1st and 14th Amendment right to grievance,
access the courts, to be free from retaliation and harrassment in
my living conditions, regular mail between friends and family, and
effective litigation and meaningful access to the courts. This did
prejudice me by having cases dismissed, not being able to litigate
meaningfully and effectively, not being able to reexpress communication
with friends and family and being tortured and tormented by staff and
not being able to MARRY KRISTINE A. KAIN and make a baby, like
                        — 26 —

other inmates have. Even the falsified U.A. given to me on 12-22-15 prevents me from having ERV's for 3-years. This

45. is the second false U.A. I was given. The first one was for THC and I had a statement from C/O Martin that proves I passed both U.A.'s the initial and the re-test. I sent my papers to Lauren Taylor because I was supposed to be part of a class action law suit, but I raise both dirty U.A. claims in this amended complaint under the same retaliation and denial of process. C/O Edne is the C/O that falsified that report and hearings officer <u>Stella Jenning</u> denied me process and found me guilty. I have the same arguments in that hearing and appeal and I add Stella Jenning to this law suit and do not have access to the evidence to prove this infraction and appeal because I am in segregation being denied legal property. It is all on record and Ms. Dibble can easily access it from my central file. <u>Both U.A.'s must be dismissed.</u>

46. Grievance Coordinator, <u>D. Dahne</u> CSIII, for the same as K. McTarsney. Dahne is the head grievance coordinator and K. McTarsney signs all grievances she does for D. Dahne he is responsible. D. Dahne also denied me process out of pure retaliation during the 12/23/15 seg. incident, while I was on mainline during Jan-March 6th, and he continues to do so now that I am in seg. being retaliated against the same exact ways. I have grieved

O. Dahne took 363 of my legal/religious I got Nothing back. I was to be released on 1-6-16 from segregation. On 1-7-16 when I was not released I filed a grievance, Exhibit 45. I incorporate all the facts of that Grievance into this complaint. Funny I start grieving the Superintendent and Boom I was left in seg. days Past my Release date after I was already approved for SCCC medium custody. O. Dahne did not respond until two weeks later! He played games out of retaliation to deny me Access just like McCarsney. O. Dahne asked me to be brief and specific, this is contradicting. My Grievance is very specific, Law or Policy states that I have to be specific, and no able to write out my claim. Furthermore the serious nature of complaint demands a specific Process in which the WDOC employee must be interviewed and so must I. O. Dahne never did this he just denied me Process.

    On 1-8-16 still in seg. After my release date, and I am off of the restrictions, the Prison officials, O. Thompson and S. Sullivan would not provide me with my legal Property and J. Thompson told them I did not have any deadlines, so I grieved this serious retaliation and active interference. As this court can see I notified everybody of my deadlines from the first day I was in seg on 12-23-16 and so did Kriss A. Kahn. This serious and the sensitive Grievance that is very detailed and specific was submitted on 1-8-16 and O. Dahne did not look at it, or sent it back until two weeks later. Exhibit 46. O. Dahne Plays games and denys

-28-

me access out of retaliation and to stop me from being able to litigate my lawsuit against this facility.

I do not have my property so I can not add the other grievances that D. Dahne denied me process on. This is denying me access as well. The defendants will not allow me my legal property that is the same as complete denial of access to the courts because the exhibits that prove my claim will not be included in this complaint due to the retaliation and active interference of the prison officials.

The pattern continues as I portioted in exhibits 31, 32, and 33. I was illegally and unlawfully placed in seg. again on 3-6-16. The same tricks are being employed to make me miss my deadlines. The chance to get a grievance in seg. only comes at dinner when the c/o's are passing out trays. The grievance does not go out until 10:00 P.M. at night. I asked for grievances on 3-11-16 and 3-12-16 the seg c/o's only had spanish grievances. I had a deadline in division one on 3-7-16. The active interference and retaliation made me miss the deadline. C/o Crane got me the IFP, certified statement, and division one's address on either 3-10-16 or 3-11-16. I did not have an envelope and the c/o's told me the OAS and counselor told them that they cannot touch legal mail. I filed a grievance, exhibit 47.

-29-

I received the legal property for this Amended complaint, the TRO reply, nor my traverse due on 3-25-16. Just what I needed for the 3-7-16 deadline. I filed the grievance on 3-11-16 and received it back on 3-17-16 as a rewrite. D. Dahne claimed I used an old from out of my property. First, I am in segregation where every-body knows we do not get our property. Second, the clo's gave me this form, why am I being blamed? Lastly, the serious nature of this grievance demands immediate attention and resolution. Today is the 20th and I still have not been provided legal copies, or allowed to send out my legal mail. EXHIBIT 47 Even Sgt. Walden and clo Andring told me the oAs and counselor Sullivan are the only ones who can send out legal mail. clo Andring even went and asked her for me on the 11th and she told him to tell me she would do it on Tues or Thurs of next week. She never did and that is active interference and retaliation. I have grieved her, they hate me for filing grievances. I even grieved denial of legal supplies on 3-12-16 and stealing time from my deadline, and being denied law library access. EXHIBIT 48. D. Dahne denied my process again. He thinks this is funny.
     On 3-18-16 in FB-10 at 11:14AM Law Librarian J. Thompson came to my cell door in seg and refuses to verify my deadlines, and E-File My TRO, Motions for Extensions, Request for counsel, to Seattle and Tacoma divisions, he also refuses to bring me

-30-

care sheets, xrays and EKGS, and to mail, E-file my
Amended complaint, TRO Reply, and TRaverse. I filed
an emergency grievance and D. Dahne would not
allow it to be processed. Exhibit 49. D. Dahne
knows full well that I will miss my deadlines if the
grievance is not processed Now, and that Ms. Mctarsney
Told me if this happenns To me again file an
emergency grievance and have Them call her, she is
a liar and so is Dahne.
      just like Last time I have called Kristine A. Kain
and Matthew R. Stroud I and told them all of this. They
have been calling Olympia Headquarters and this facility
S. Sullivan, Margreat Gilbert, cus Jolly, CPM Jones,
Associate Superintendent Jeandre cotton. Nobody has
done anything. I have filed kites, grievances, Yet
Name since I have been in here on 3-6-16 and
No action has Been Taken by anyone. I would
like To incorporate all the facts from Exhibits
45-49 into this section.
47. Law Librarian J. Thompson for Retaliating and
      Active interference. Exhibits 50 and 51

All these motions for extension of time, TRO,
and motions for Appointment of counsel, w/ Exhibits
that lay out my claim against J. Thompson,
S. Sullivan, C/O Cline, and Sgt. Ellts. Since
J. Thompson and S. Sullivan deny me legal copies
I cannot put all the exhibits where they need to
be. Exhibit one of the Seattle motion was/is
also Exhibit one of the tacoma motion. Exhibit
two of the Seattle motion is supposed to be
Exhibit 4 of the Tacoma motion. Exhibit 49
of this complaint is exhibit three of the Seattle
motion and Exhibit 4 of the Tacoma motion. (Exhibit 51.)
Exhibit two of the Seattle motion (Exhibit 50) is a declaration
outlining the facts for the J. Thompson incident.
J. Thompson refused to E-file both of these motions.
I have to handwrite them in seg with a flimsy little
gel pen it is really hard. I wish to incorporate
these Exhibits into this section. Also Exhibit 52
which is 18 kites sent from 3-6-16 to present date
informing everybody of my deadlines, of the need for legal
copies, legal mail, legal property, requesting E-filing
and how to E-file from seg. 90% have not been
answered.

On 2/21/14 we were on lockdown due to Mexican gang fights caused by Patrick Glebe and Olympia Headquarters. I had a deadline for case No. 89906-1 in the Supreme Court which is my motion for discretionary review. The court of appeals used IN RE YATES, 177 WN.2d 1, 296 P.3d 872 (2013) to deny me and I had never even heard of the case because it was not on our law library computer, either was IN RE COPLAND, or my DOCKETT. Besides, the facility was on a 30-day lockdown with no law library access and I had a deadline that would be over before the lockdown was cleared. See EXHIBIT 19 - 2/21/14 kite. This caused my MDR to be dismissed and my PRP.

Next, see EXHIBIT 29 this proves that cases material to my PRP, MDR, and Habeas corpus would not be provided to me. I have made this claim the whole time. This prejudiced my Appeals and caused them to be dismissed. This case and my Habeas are both being prejudiced by this active interference and retaliation. J. Thompson has violated my 1st and 14th Amendment rights.

-33-

48. Counselor Sarah Sullivan the facts and
    Exhibits that outline my complaint against
    S. Sullivan are in Exhibit 51 the Tacoma Motion.
Exhibit two in Exhibit 51 is my declaration written on
3-17-16 that outlines the entire claim against S. Sullivan.
She is participating in the main retaliation against me
and like J. Thompson is upset that I grieved them, so
she refuses to send out my legal mail and make
me copies. Exhibit three of Exhibit 51 is the
division one deadline that I missed due to
the active interference and retaliation of
the defendants and the legal mail S. Sullivan
refuses to send out. In Exhibit 53 are two kites
one from S. Sullivan stating that she will make copies
and send legal mail on Tue & Thursday, and one from
S. Sullivan in place of the OAS telling me to kite S. Brown
and J. Thompson about Early Ving which I already did. In
Exhibit 54 is an emergency grievance filed against
S. Sullivan. I pressed the emergency button while she was
still at my door. Filled out the emergency grievance and
informed staff it was complete. This took 5 min. Lt. Casey
is a liar. I add Lt. Casey as a defendant as well

—34—

Because they staing that no communication was made with FLoor staff at Both until counselor was off Duty." EXHIBIT 54. Look at the cammas. While Sullivan was at my door I Pressed the Button And Asked for an emergency grievance and to Speak to a Sergeant And Lt. c/o Ivy Braght me the E-Grievance. I filled it out and hung it out the door before S. Sullivan was even out of FB Pod. I Informed everybody the Booth And c/o's. The same Happened the next day with J. Thompson, only the very good And Professional c/o Johanson Braght me the E-Grievance.

I am also grieving S. Sullivan for being allowed to participate in my FRMT And classification. She is not Following Policy 300.380 VI, B.3. Nor the SPIRIT of RCW 9.94.010. Out of Retaliation this is Done with I.E.I.U To try to get me sent to walla-walla Versus the Best Place for me Monroe or Callam Bay.

49. The SCCC Intensive Managment Unit And Administrative segregation offender orientation Handbook states that Legal Mail will be sent out everyday, same with Legal copies. There is nothing about E-Filing No Instructions at 911, and I asked everybody How. EXHIBIT 55

-35-

50. Sgt. Ellis for lying and stating that I failed to stand for search and made eye contact with him after the initial directive. This is out of Retaliation and he trumped up an Infraction Against me a 556 for failure to Stand for Search, when the door was closed. I could not stand for search until the door was open which sgt. Ellis said I did immediately. Also, T. L'Heureux lied at my disciplinary hearing and stated there was no C.I. info, but Sgt. Ellis say that there is. This infraction caused me to get put in seg, And get transferred. Even if I was caught smoking a cigarette it is only a 606 5 pointer that does not result in close custody or seg time usually, if so merely a few days. The 556 was intentionally done to get me put in seg, out of Retaliation and during my legal deadlines. They have snitches and everyone can see that I was up at 7:00 am until 8:45 p.m. working on my legal work in the day room. I let everyone know leave me alone I have deadlines. Sgt. Ellis also Destroyed my legal work, 90% finished traverse, finished amended complaint and finished tro reply. 97%

—36—

51. Sgt. Wilkerson for retaliating against me for having a typewriter that I have had for 12 years and every time I went to Seg and was released. I had programmed legal work on the typewriter from my TRAVERSE. I was even given an infraction for it. EXHIBIT 56. For three years this type of retaliation and active interference has been inflicted on me. Search my house, throw my papers all over, steal my completed work, throw me in Seg and deny me my legal property, now my typewriter with finished product on it, really?

52. Dan Van Ogle for lying and stating that Doc Policy 590.200 requires the requested name change document to be provided before I can have the marriage application to Kristine A. Kain processed. I was convicted under Ruth and my former last name Stroud II is on every court paper and in my central file. It is on the warrant for my arrest. How can I be convicted as Ruth but not married? EXHIBIT 57. This is retaliation against me and PLAINTIFF Kristine A. Kain for suing this facility, grieving them, and exercising our constitutional rights. Where is the Policy saying what Van Ogle claims in the level II response? How am I in prison?

-37-

53. ~~after all~~ During ~~Mainline~~ Mainline Sgt. MARTINEZ Locked me in a Holding cell And would Not Let me eat mainline. I requested And Forrest Amos requested a Sack Lunch And Sgt. MARTINEZ refused. I was also denied Breakfest on the 23rd. I grieved this however I do not have the grievances because I am in Seg. Being denied the Legal Property I need for my Deadlines. I do Not even have AAG KOSTIN's ANSWER And I am trying to Re-construct my Traverse from Memory.

54. During my Pack out for the 12-23-15 seg. Incident Clo's Schuening and Conway Took 14 American curve magazines of mine And Three Books and gave them to Sgt. MARTINEZ for Sgt. Review. Exhibit 58. This means They are put in the sgt. office in a Lock box And when I am out of seg. He Talks to me about them. I never Received my Property from Sgt. MARTINEZ who has Priors for Stealing my Regular & Legal Property. I grieved This immediately. Exhibit 59.

55. Sgt. Martinez Flat out lied to Ms. Dibble and I can prove it. IN Defendant's Answer Page 5 Defendant martinez Denied Paragraph 31 of my Complaint. Exhibit 60.

-38-

Mr. Ruth has the 4/13/15 Search Report from Defendant Larose. Exhibit 61. This search report proves that without a hearing or any process Sgt. Martinez singled at only Ruth, not celly Erhart, and placed only Ruth on strip cell By taking all personal property (legal work everything) And state property (clothes, blankets, etc...) Exhibit 61. Sgt. Martinez is a Liar. He placed Ruth's property in his office and read through all legal work, personal letters, and etc... I didn't have a change of clothes for ever. I was forced to get extensions from this court and Seattle Division. Sgt. Martinez to my personal case law and legal briefs destroying it claiming it was other offenders, material I had paid for and needed for my integration. He destroyed and State exhibits I needed and need and destroyed my finished work making me have to start over.

It did not stop there Sgt. Martinez ordered C/o Sutherbe to do unsanctioned search on my cell destroying and stealing my legal work and materials. C/o Hensley and Brown did the same. I was forced to get an extension from this court and Seattle. Exhibit 62. Please note that Exhibit one in Exhibit 62 was my only copy and I asked this court to make that Exhibit 3a in the last amended

-39-

complaint and I ask the same now. That Exhibit proves Hensley took my legal work. Hensley is also the CIO that went with CIO Sutherby to do unsanctioned cell searches with no search report. EXHIBIT 63.

Sgt. Martinez AND FIU began a witch hunt attempting to get inmates to lie with Black mail in order to give Mr. Ruth a 2-year segregation program. This is retaliation for the law suit, grievances, and starting the "JUST-US PRISON LAW CLUB" (JPLC). Sgt. Martinez took briefing I paid for of State v. Chovar and told him if he would say I stole his legal property or was paid money to do legal work for Chovar he would give back to legal property. I did have some of Chovar's transcripts, but the policy 500.590 only prohibits me from 1.) possessing personal legal papers, which Public record is not; and 2.) only if I am assissting the offender do legal work. I was not guilty of any of those so I can read his transcripts to learn from judges and prosecutors and lawers about the law and share this information with the JPLC members. This is protected expression of communication. EXHIBIT 64.

-40-

Sgt. Martinez called a whole group of people into the Hallway at H4 and tried to get them to lie the Same way. EXHIBIT 65 AND 66. AS Soon as I started collecting evidence I was moved to H3 So I could Not get any more evidence.

Sgt. Martinez went to other units also G-unit, H3, H2, H1, etc... EXHIBIT 67, He even went to Seg. And tried to get TOMMY REVEN to LIE. Sgt. Martinez and IBIU Hate me and try to do everything they can to hurt me and my loved ones. EXHIBIT 68 Sgt. Martinez did Steal and Destroy my legal work Multiple times in H4 & H3. (Lo cline, Sutterby, (a Rose) Wrbby says) too. EVEN in G-UNit with Sgt. ELLIS AND cline. I tried to file a TRO. EXHIBIT 69. I do Not Know What to do to Stop this Viscous Harassment, Please court HeLP Me, EVEN RIGHT NOW I am in Seg past my 2-Seg date which was done on 3-15-16.

### 6. Exhaustion of Legal Remedies

56, 59. Plaintiff Matthew R. Ruth used the mail rejection appeal process to the mailroom, then appealed to the superintendent and Gonzalez. Ms. Kain did the same. Ruth used the prison grievance system. Some of the claims Mr. Ruth was ignored on and retaliated against for filing the grievance, so Mr. Ruth attempted to file a TRO and the clerk sent it back.

Mr. Ruth appealed every mail rejection, every retaliation, however, the defendants did not respond to them all. The exhibits make it clear Ruth has exhausted every remedy available to him, and was even placed on strip cell for it. Sgt. Martinez told Mr. Ruth that he was being ordered from higher ups to retaliate against Mr. Ruth for the law suit and grievances. Mr. Ruth has exhausted.

### 7. Legal Claims

57, 60. Plaintiff re-alleges and incorporates the introduction and paragraphs 1 - 40, and al the exhibits.

58. 42. The violation of Mr. Ruth and Ms. Kain's 1st amendment rights to effective communication through the mail is plain on its face and Mr. Ruth and Ms. Kain have been discriminated and retaliated against for fighting for their rights. The defendants have even deprived Ms. Kain and Mr. Ruth of consortium by refusing to process their marriage application and depriving them of EFV's. The three year efv time should be applied retroactive.

The active interference and retaliation of the defendants has also violated Ruth's rights to adequate, effective, and meaningful access to the courts. The Defendants have caused actual injury and violated Ruth's 1st and 14th Amendment & WASH.CONSV.ART. 1 § 3, 5, 13, 14, and 22 Amendment Rights. Mr. Ruth's rights to Substantive and Procedural Due process, freedom of speech, right to appeal, effective communication, marriage, make a baby, have been violated. This is cruel punishment, and cruel and unusual punishment. This also creates an illegal suspension of Mr. Ruth's Habeas corpus rights. U.S.Const. Art. 1 § 9 and Wash.Const. Art. 1 § 13. This also violates DOC POLICY 590.500, 590.100, 590.200.

59. 43. The plaintiff has no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of the defendants unless this court grants the declaratory and injunctive relief which plaintiff seeks.

### 8. PRAYER FOR RELIEF

WEREFORE, plaintiff respectfully prays that this court enter judgment granting plaintiffs:

60. 45. A declaration that the acts and omissions described herein violated Mr. Ruth's rights under the Constitution and laws of the United States and State of Washington.

-43-

43

61. **a.** A preliminary and permanent injunction ordering the defendants to stop rejecting Mr. Ruth's mail under the guise of security threats and inmate-to-inmate correspondence. Case law, law review, and other legal material can never be classified a security threat. Order the Defendants to obtain Mr. Ruth's case file and discover from the Sheriff's, Prosecution, and Mark D. Mestel, Mark Stephens, and Charles Dold and give to Mr. Ruth. Order equitable tolling so Mr. Ruth may file a new appeal raising all meritorious issues that arise from the case file and discovery. Order that Mr. Ruth can have the cd's. Order the defendants to process Mr. Ruth and Ms. Kain's marriage application and run the efv time retroactive to the date of the first attempt to file application. Order the defendants to hand over the rejected items so that this court and the jury can review them. Order the defendants to stop rejecting to send Mr. Ruth's legal mail because he is indigent, and order Gorham to not confiscate Ruth's legal work and make him miss deadlines. Order a counselors signature does not trump Mr. Ruth's rights to access the courts. And any other order this court deems necessary.

The dismissal or Both 752 infractions, or a hearing with fair process where the evidence is tested by the Lab as the instruction manual demands, and the proper standard of preponderance of evidence is used. Sgt. Martinez to be ordered to stop stealing my property and to give back my legal material and American Curve Magazines.

62. Compensatory damages in the amount of $ 100,000. against each defendant, jointly and severally.

63. Punitive damages in the amount of 100,000 against each defendant.

64. A jury trial on all issues triable by jury.

65. Plaintiffs cost in this suit.

66. Pay all restitution, LFO's, and institutional debt.

67. Any additional relief this court deems just, proper, and equitable.

-44-

Respectfully Submitted,

This 20th day of March, 2016

Matthew R. Ruth DOC# 879492

~~H3-9-105U~~ FB-10 Segregation

Stafford Creek Corrections Center

191 Constantine Way

Aberdeen, Wa 98502

## VERIFICATION

I have read the forgoing complaint and hereby verify that the matters are true under the penalties of perjury.

Executed at Aberdeen, Washington on ~~14-5-15~~ 3-20-16

X _(signature)_ R. _(signature)_

MATTHEW R. RUTH, Pro Se Litigant
Prisoner Rights Activist
~~-27-~~
45