DISTRICT JUDGE BENJAMIN H. SETTLE
MAGISTRATE JUDGE DAVID W. CHRISTEL

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA**

| MATTHEW R. RUTH, | NO. 2:14-cv-01388-BHS-DWC |
|---|---|
| Plaintiff, | DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME, MOTION FOR A TEMPORARY RESTRAINING ORDER AND MOTION TO SUPPLEMENT THE RECORD |
| v. | |
| PATRICK GLEBE, et al. | |
| Defendants. | |

COME NOW the Defendants, by and through their attorneys of record, ROBERT W. FERGUSON, Attorney General, and CANDIE M. DIBBLE, Assistant Attorney General, and file this response to Plaintiff's Motion for Extension, Motion a Temporary Restraining Order ([ECF No. 72](#)) and Motion to Supplement the Record ([ECF No. 73](#)).

## I.      INTRODUCTION

Plaintiff, Matthew Ruth, seeks an extension to file his TRO reply and amended complaint and a requests to supplement the record. In addition, Ruth asks the Court to grant a temporary restraining order requiring the Defendants to send out his legal mail, e-file his pleadings, provide him with his legal property, and legal envelopes. However, Ruth fails to show how he will suffer irreparable harm in the absence of a Court order and his request should be denied.

DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION FOR EXTENSION OF TIME, MOTION
FOR A TEMPORARY RESTRAINING ORDER AND
MOTION TO SUPPLEMENT THE RECORD
No. 2:14-cv-01388-BHS-DWC

1

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
1116 West Riverside Avenue, Suite 100
Spokane, WA 99201-1106
(509) 456-3123

## II. STATEMENT OF RELEVANT FACTS

Offenders housed in the Intensive Management Unit are allowed one box of legal work inside of their cell. Offenders can also kite the unit Property officer requesting to go through additional legal work in a no- contact booth. Offenders can trade out their legal work as needed upon request with the unit property officer. Declaration of James Jolly in Support of Defendants' Response to Plaintiff's Motion for Extension of Time (Jolly Declaration).

In addition, offenders housed in segregation have the ability to send mail out daily. Offenders housed in segregation can also send legal mail out after it is processed and scanned by unit staff. If additional postage is needed the unit counselor will process the postage transfer to ensure the offender has adequate funds to pay for the outgoing legal mail. Jolly Declaration.

In order to have document e-filed with the Court, offenders housed in segregation can kite the Law Librarian requesting an e-filed. The Law Librarian will collect the documentation to be e-filed and process the documentation for the offender. Jolly Declaration.

Ruth has been housed at the Stafford Creek Corrections Center since January 31, 2012. Ruth has been housed in the Intensive Management Unit (segregation) of the facility since March 6, 2016. Jolly Declaration.

On March 16, 2016, the facility Law Librarian received an e-mail from Corrections Officer William Crane informing him that Ruth was requesting to e-file in one of his court cases. The Law Librarian stopped by Ruth's cell to pick up his papers for e-file on March 18, 2016, but he was not ready. Ruth stated that his e-filing deadlines were on March 21, 20016 and March 25, 2016. Ruth then showed the Law Librarian paperwork which allowed him to verify that he had a deadline on March 25, 2016. Ruth had not filled out the required cover sheets and he did not have all of his paperwork gathered and ready to go. Declaration of John Thompson in Support of Defendants' Response to Plaintiff's Motion for Extension of Time (Thompson Declaration).

///

DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME, MOTION FOR A TEMPORARY RESTRAINING ORDER AND MOTION TO SUPPLEMENT THE RECORD
No. 2:14-cv-01388-BHS-DWC

2

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
1116 West Riverside Avenue, Suite 100
Spokane, WA 99201-1106
(509) 456-3123

1  The Law Librarian asked Ruth why he didn't have his paperwork properly prepared
2  and Ruth said the Intensive Management Unit staff would not make copies of it for him
3  because the Law Librarian had told them he did not have any deadlines. The Law Librarian
4  had informed staff that while Ruth had active cases he could not verify any court deadlines.
5  Ruth also claimed that staff told him they didn't have any coversheets. However; the Law
6  Librarian had provided a large bundle of cover sheets to the staff just one month earlier. Since
7  that time, there had been only two other e-filing requests from the unit, so there would have
8  been cover sheets still available. Thompson Declaration.

9  Correctional Officer Crane provided Ruth with cover sheets and took his legal
10 documents to the law library on March 22, 2016 to be e-filed. The Legal Liaison Officer
11 electronically filed Ruth's pleadings on March 22, 2016. Correctional Officer Crane also
12 provided Ruth with cover sheets for the pleadings that he needed to e-file on March 24, 2016
13 which were e-filed the same day by the Law Librarian. Thompson Declaration.

### III.  ARGUMENT

**A.  Defendants Do Not Object to Ruth's Request for an Extension of Time to File His Amended Complaint and to Supplement the Record**

While the Defendants do not agree with the reasons Ruth provides for his delay in filing his pleadings, they do not object to permitting Ruth additional time to file his amended complaint, TRO reply and his request to supplement the record with additional "evidence."

**B.  Ruth Fails to Meet the Standard for A Temporary Restraining Order**

Ruth seeks a temporary restraining order under Civil Rule 65. A plaintiff seeking a temporary restraining order in federal court must meet the standards for issuing a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). The standard for obtaining *ex parte* relief under Rule 65 is very stringent. *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006). The temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and

DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION FOR EXTENSION OF TIME, MOTION
FOR A TEMPORARY RESTRAINING ORDER AND
MOTION TO SUPPLEMENT THE RECORD
No. 2:14-cv-01388-BHS-DWC

3

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
1116 West Riverside Avenue, Suite 100
Spokane, WA 99201-1106
(509) 456-3123

1  preventing irreparable harm just so long as is necessary to hold a hearing, and no longer."
2  *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S.
3  423, 439 (1974).

4  To obtain preliminary injunctive relief, a party must demonstrate: (1) the likelihood of
5  success on the merits; (2) the likelihood of suffering irreparable harm in the absence of
6  preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the
7  public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Ninth Circuit
8  law also allows for satisfaction of the first and third elements outlined in *Winter* by raising
9  serious questions going to the merits of the moving party's case and a balance of hardships that
10 tips sharply in the moving party's favor. *See Alliance for the Wild Rockies v. Cottrell*, 632 F.3d
11 1127, 1131, 1135 (9th Cir. 2011) (adding that plaintiff must also show a likelihood of
12 irreparable injury and that the injunction is in the public interest).[1] The Court need not,
13 however, analyze the request for relief under both tests. *See Lopez v. Brewer*, 680 F.3d 1068,
14 1072-73 (9th Cir. 2012) (the serious questions consideration is not a "separate and independent
15 analysis" from the assessment of a likelihood of success on the merits; finding that, in failing
16 to "demonstrate a likelihood of success on the merits, it follows that [the plaintiff] also failed
17 to raise serious questions going to the merits.").

18 Ruth requests an order requiring the Defendants to permit him to send out legal mail,
19 provide him with legal copies, access to his legal property and legal envelopes. However, the
20 Department already has policies which govern and permit offender legal access[2]. Ruth has the
21 ability to maintain one box of legal property in his cell and the ability to access additional legal
22 property by contacting the Property office. In addition, Ruth has the ability to send mail out

---

[1] The decision in *Winter* overruled Ninth Circuit law permitting a party to obtain a preliminary injunction merely by proving a "possibility" of irreparable harm. 555 U.S. at 22. *See also Small v. Avanti Health Sys., LLC*, 661 F.3d 1180, 1187 (9th Cir. 2011) (stating that "*Winter* did not change the requisite showing for any individual factor [in the preliminary injunction analysis] other than irreparable harm.").

[2] DOC Policy, 590.500, Offender Legal Access. http://www.doc.wa.gov/policies/default.aspx

DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION FOR EXTENSION OF TIME, MOTION
FOR A TEMPORARY RESTRAINING ORDER AND
MOTION TO SUPPLEMENT THE RECORD
No. 2:14-cv-01388-BHS-DWC

4

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
1116 West Riverside Avenue, Suite 100
Spokane, WA 99201-1106
(509) 456-3123

1 daily. If additional postage is needed the unit counselor will process the postage transfer to
2 ensure the offender has adequate funds to pay for the outgoing legal mail. Jolly Declaration.
3 Also as shown in this case, Ruth also has the ability to e-file his documents which delineates
4 the need for Ruth to make additional copies and mail out pleadings in order to have them filed
5 with the Court and delivered to opposing counsel. This includes his most recent filings on
6 March 22, 2016 and March 24, 2016. Thompson Declaration.

Despite Ruth's contention, there is no evidence he will suffer irreparable harm, as he has adequate legal access. While he may not agree with the procedures in place to ensure enough time to process his requests, those procedures must be followed as the facility has other offenders who are also in need of legal access. Therefore, Ruth's request for a temporary restraining order should be denied.

## IV.   CONCLUSION

Defendants do not object to Ruth's extension request to file multiple pleadings in this case. However, Ruth cannot show he will suffer irreparable harm in the absence of an order requiring the Department to provide him with legal access. Therefore, the Court should deny Ruth's motion for a temporary restraining order because he cannot meet his burden for injunctive relief.

RESPECTFULLY SUBMITTED this 1st day of April, 2016.

ROBERT W. FERGUSON
Attorney General

s/ Candie M. Dibble
CANDIE M. DIBBLE, WSBA #42279
Assistant Attorney General
Corrections Division
1116 West Riverside Avenue, Suite 100
Spokane, WA 99201-1106
(509) 456-3123
CandieD@atg.wa.gov

DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION FOR EXTENSION OF TIME, MOTION
FOR A TEMPORARY RESTRAINING ORDER AND
MOTION TO SUPPLEMENT THE RECORD
No. 2:14-cv-01388-BHS-DWC

5

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
1116 West Riverside Avenue, Suite 100
Spokane, WA 99201-1106
(509) 456-3123

# CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing Defendants' Response to Plaintiff's Motion for Extension of Time, Motion for a Temporary Restraining Order and Motion to Supplement the Record to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

MATTHEW R RUTH DOC #879492
STAFFORD CREEK CORRECTIONS CENTER
191 CONSTANTINE WAY
ABERDEEN WA 98520
Email: docscccinmatefederal@DOC1.WA.GOV

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED this 1st day of April, 2016, at Spokane, Washington.

s/ Patty Willoughby
PATTY WILLOUGHBY
Legal Assistant III
Corrections Division
1116 West Riverside Avenue, Suite 100
Spokane, WA 99201-1106
(509) 456-3123
PattyW@atg.wa.gov

DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME, MOTION FOR A TEMPORARY RESTRAINING ORDER AND MOTION TO SUPPLEMENT THE RECORD
No. 2:14-cv-01388-BHS-DWC

6

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
1116 West Riverside Avenue, Suite 100
Spokane, WA 99201-1106
(509) 456-3123