UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MATTHEW R RUTH,<br><br>        Plaintiff,<br><br>    v.<br><br>PATRICK GLEBE, RAY GONZALEZ, GORHAM, MARTINEZ, SUTHERBY, LAROSE, SHANAHAN, HENSLEY, T MATSEN, D DIXON, M. DRAGOO, SULLIVAN, DANIEL DAVIS, CLINT MAY,<br><br>        Defendants. | CASE NO. 2:14-CV-01388-BHS-DWC<br><br>ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT AND DENYING PLAINTIFF'S MOTION TO SUPPLEMENT |

      Plaintiff Matthew R. Ruth, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's proposed Amended Complaint and Supplemental Complaint under 28 U.S.C. § 1915A, the Court directs Plaintiff to file an amended pleading by May 20, 2016 and denies Plaintiff's Motion to Supplement.

## BACKGROUND

Plaintiff, who is currently incarcerated at Stafford Creek Corrections Center ("SCCC"), alleges his First Amendment rights have been violated because he was denied: (1) access to the courts; (2) his right to procreate; and (3) his right to marry. *See* Dkt. 72-1, p. 45. Additionally, Plaintiff alleges Defendants are retaliating against him. *See id.*

## DISCUSSION

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: [ ] is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]" *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

On March 22, 2016, Plaintiff filed a 47 page proposed Amended Complaint, attached 40 exhibits and requested the Court attach an additional 30 exhibits which are currently on file with the Court. *See* Dkt. 72-1 – 72-9. On March 24, 2016, Plaintiff filed a Motion to Supplement with a proposed Supplemental Complaint, wherein he asked the Court to add the 17 page proposed Supplemental Complaint to the proposed Amended Complaint. *See* Dkt. 73.

The Court must liberally construe pro se documents. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing the pleader is entitled to relief," and "[e]ach averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(a)(e).

Here, Plaintiff has provided a myriad of facts, yet his legal claims and prayer for relief, which are only 2 pages of his approximately 275 page filing, do not link Defendants to the

1  alleged constitutional violations. It is also not clear Plaintiff is alleging constitutional violations

2  which are viable in a § 1983 action. *See* Dkt. 72-1, pp. 45-46 (right to marry and procreate).

3  Further, the proposed Amended Complaint includes information unrelated to Plaintiff's claims

4  for relief. For example, he provides information relating to his failure to file a reply to

5  Defendants' Response to Plaintiff's Temporary Restraining Order and requests counsel. *See* Dkt.

6  72-1, 72-9. "[T]he Court cannot glean what claims for relief might lay hidden in the narration

7  provided by [P]laintiff and it is [P]laintiff's responsibility to make each claim clear and provide

8  only a short statement of facts supporting [each] claim." *Henderson v. Scott*, 2005 WL 1335220,

9  *1 (E.D. Cal. May 4, 2005).

10  Accordingly, Plaintiff is ordered to file an amended complaint which complies with

11  Federal Rule of Civil Procedure 8. The amended complaint must contain a short, plain statement

12  telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the

13  person who violated the right; (3) exactly what the individual did or failed to do; (4) how the

14  action or inaction of the individual is connected to the violation of Plaintiff's constitutional

15  rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See*

16  *Rizzo v. Goode*, 423 U.S. 362, 371–72, 377, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). Each claim for

17  relief must be simple, concise, and direct.

18  Plaintiff shall present the amended complaint on the form provided by the Court. The

19  amended complaint must be legibly rewritten or retyped in its entirety, it should be an original

20  and not a copy, it should contain the same case number, and it may not incorporate any part of

21  the original complaint, proposed amended complaint, or any documents included in the docket

22  by reference. Further, Plaintiff should not include attachments in the amended complaint.

23

24

1 | Plaintiff will be allowed to file evidence in support of his claims if necessary to respond to
2 | dispostive motions filed by Defendants.

3 | The amended complaint will act as a complete substitute for the original Complaint and
4 | any proposed amended complaints, not as a supplement. The Court will screen the amended
5 | complaint to determine whether it contains factual allegations linking each defendant to the
6 | alleged violations of Plaintiff's rights.

7 | The amended complaint shall not exceed twenty (20) pages absent leave of Court and
8 | upon a showing of good cause.

9 | If Plaintiff fails to file an amended complaint or fails to adequately address the issues
10 | raised herein on or before May 20, 2016, the undersigned will recommend dismissal of this
11 | action.

12 | Defendants are not required to file any pleadings in response to any proposed amended
13 | complaints until further ordered by the Court.

**MOTION TO SUPPLEMENT**

15 | In Plaintiff's Motion to Supplement, he requests the Court "add" the proposed
16 | Supplemental Complaint to the proposed Amended Complaint. *See* Dkt. 73. As the Court has
17 | concluded Plaintiff must file a new amended complaint, his request to supplement the proposed
18 | Amended Complaint is denied.

19 | Dated this 20th day of April, 2016.

*[signature]*
David W. Christel
United States Magistrate Judge