UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MATTHEW R RUTH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PATRICK GLEBE, RAY GONZALEZ, GORHAM, MARTINEZ, SUTHERBY, LAROSE, SHANAHAN, HENSLEY, T MATSEN, D DIXON, M. DRAGOO, SULLIVAN, DANIEL DAVIS, CLINT MAY,<br><br>　　　　　Defendants. | CASE NO. 2:14-CV-01388-BHS-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: June 3, 2016 |

The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Plaintiff Matthew R. Ruth filed a Memorandum of Law requesting preliminary injunctive relief, which the Court renamed to Motion for a Temporary Restraining Order.[1] Dkt. 37, 39. Plaintiff also filed a pleading on March 22, 2016,

---

[1] Plaintiff filed the Motion for a Temporary Restraining Order on September 24, 2015. Dkt. 37. The undersigned recommended the Motion be denied because there was no operative complaint in the record. Dkt. 46. The district judge assigned to the case declined to adopt the Report and Recommendation and referred the Motion back to the undersigned because Plaintiff filed an amended complaint after the Report and Recommendation was filed and therefore there was an operative complaint in the record. Dkt. 58. The undersigned ordered Defendants to file a response to the Motion, which Defendants filed on December 28, 2015. *See* Dkt. 61 – 6 4. Plaintiff has asked for several extensions of time to file a reply to Defendants' response. *See* Dkt. 67, 70, 72. The Court ordered Plaintiff to file his reply by May 10, 2016 and warned no further extensions would be given. Dkt. 77. Plaintiff has not filed a reply.

REPORT AND RECOMMENDATION - 1

wherein he requested injunctive relief. *See* Dkt. 72. The Court will refer to both requests for injunctive relief as "Motions" throughout this Report and Recommendation.

The Court concludes Plaintiff has been transferred to a different facility and therefore recommends Plaintiff's Motions be denied as moot.

**BACKGROUND**

Plaintiff, an inmate housed at Washington State Penitentiary ("WSP"), filed a Complaint alleging his constitutional right of access to the courts was violated by Patrick Glebe, the Superintendent of Stafford Creek Correctional Center ("SCCC"), and Ray Gonzalez, the Correctional Manager of Prisons, Command B. *See* Dkt. 8. Defendants Glebe and Gonzalez filed a Motion to Dismiss asserting Plaintiff failed to state a claim for which relief could be granted. Dkt. 14. The Motion to Dismiss was granted, but Plaintiff was given leave to file an amended complaint. Dkt. 25, 32. After several extensions of time and deficient amended complaints, on April 20, 2016, the Court ordered Plaintiff to file an amended complaint by May 20, 2016. *See* Dkt. 79. Plaintiff has not filed an amended complaint pursuant to the April 20, 2016 Order.

In his Motions, Plaintiff maintains CC II Gorham confiscated Plaintiff's reply brief for five days and "the defendants"[2] refused to mail the reply brief causing him to miss a court deadline. Dkt. 37, p. 2. Plaintiff also contends "the defendants" rejected his legal mail, including portions of his state record and legal news articles. *Id*. Plaintiff alleges, as of September 22, 2015, "the defendants" were threatening to destroy the rejected items in 30 days. *Id.* at p. 3. Plaintiff requests the Court order "the defendants" to: (1) "not destroy the evidence;" (2) "hand over the evidence in all the mail rejections so that this Court can make an independent review;" (3) "hand over [Plaintiff's] entire case file;" (4) not refuse Plaintiff legal copies or confiscate his

---

[2] Plaintiff does not specifically name the individuals against whom he seeks injunctive relief. It is unclear if he is alleging Defendants and/or unnamed SCCC employees are interfering with his access to courts in his Motions.

REPORT AND RECOMMENDATION - 2

1  legal pleadings; and (5) give Plaintiff his legal papers. *Id.* at p. 3, 5; Dkt. 43, p 13; 72. Plaintiff is
2  essentially requesting the Court order "the defendants" to not interfere with his access to the
3  courts.

### DISCUSSION

"[W]hen a prisoner is moved from a prison, his action will usually become moot as to conditions at that particular facility." *Nelson v. Heiss*, 271 F.3d 891, 897 (9th Cir. 2001); *Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995) ("An inmate's release from prison while his claims are pending generally will moot any claims for injunctive relief relating to the prison's policies unless the suit has been certified as a class action."). An exception to the mootness doctrine exists if a plaintiff shows there is a "reasonable expectation" or "demonstrated probability" he will return to the prison from which he was transferred. *See Darring v. Kincheloe*, 783 F.2d 874, 876 (9th Cir. 1986).

On April 20, 2016, the Court received an e-mail from SCCC stating Plaintiff is no longer housed at SCCC and he is now at "WCC" (Washington Corrections Center).[3] Dkt. 78. Plaintiff filed a pleading on May 10, 2016, stating he is currently being housed at WSP. Dkt. 81. In his Motions, Plaintiff alleges conduct at SCCC deprived him of his access to the courts and requests injunctive relief only as to conduct occurring at SCCC. *See* Dkt. 37, 43, 72. As Plaintiff has been transferred, SCCC employees and policies cannot continue to block Plaintiff's access to the courts. Therefore, the Motions are moot.[4]

---

[3] While the email from SCCC and the pleading from Plaintiff do not state Plaintiff is housed at the same location, both confirm Plaintiff is no longer housed at SCCC.

[4] Plaintiff asks the Court to order SCCC employees to return his legal papers. *See* Dkt. 72. Plaintiff was provided notice from SCCC stating the SCCC Property Room is storing his personal property. Dkt. 81, p. 17. Plaintiff can pay $75.00 to have his property mailed to him. Therefore, Plaintiff is able to obtain his property that was at SCCC.

1    Plaintiff has not shown a demonstrated probability he will be returned to SCCC. While it
2 is not improbable Plaintiff may return to SCCC in the future, "he is free to file a new motion
3 and/or amend his complaint to reflect his changed circumstances" at that time. *St. Hilaire v.*
4 *Arizona Department of Corrections*, 934 F.2d 324, *1 (9th Cir. 1991).

## CONCLUSION

6    As Plaintiff's transfer to WSP moots his requests for injunctive relief, this Court
7 recommends Plaintiff's Motions (Dkt. 37, 72) be denied as moot.[5]

8    Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil
9 Procedure, the parties shall have fourteen (14) days from service of this Report to file written
10 objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those
11 objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time
12 limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on June 3,
13 2016, as noted in the caption.

14    Dated this 13th day of May, 2016.

David W. Christel
United States Magistrate Judge

---

[5] To the extent Plaintiff references injunctive relief in additional pleadings filed with the Court, the requests were not filed as Motions and are not properly before the Court.

REPORT AND RECOMMENDATION - 4