1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10  MATTHEW R RUTH,

11                  Plaintiff,

CASE NO. 2:14-CV-01388-BHS-DWC

12        v.

REPORT AND RECOMMENDATION

13  PATRICK GLEBE, RAY GONZALEZ,
    GORHAM, MARTINEZ, SUTHERBY,

Noting Date: July 8, 2016

14  LAROSE, SHANAHAN, HENSLEY, T
    MATSEN, D DIXON, M. DRAGOO,

15  SULLIVAN, DANIEL DAVIS, CLINT
    MAY,

16

                  Defendants.

17

18

19         Plaintiff Matthew R. Ruth, proceeding *pro se* and *in forma pauperis* ("IFP"), filed this

20  civil rights complaint under 42 U.S.C. § 1983. Plaintiff has filed the Second Amended Complaint

    which fails to comply with this Court's Order. Therefore, the Court recommends this action be

21  dismissed without prejudice. The Court also recommends this dismissal count as a strike under

22  28 U.S.C. § 1915(g).

23

24

## BACKGROUND

Plaintiff, who was incarcerated at Stafford Creek Corrections Center ("SCCC") at all relevant times, filed a Complaint alleging his constitutional right of access to the courts was violated by Defendants Patrick Glebe, the Superintendent of the Stafford Creek Corrections Center, and Roy Gonzalez, the Correctional Manager of Prisons, Command B. *See* Dkt. 8.

Defendants Glebe and Gonzalez filed a Motion to Dismiss. Dkt. 14. On May 19, 2015, the undersigned recommended Plaintiff's Complaint be dismissed for failure to state a claim, but recommended Plaintiff be given leave to amend the Complaint. Dkt. 25. The Honorable Benjamin H. Settle, the District Judge assigned to this case, adopted the Report and Recommendation on September 2, 2015. Dkt. 32. Plaintiff was ordered to file an amended complaint on or before October 5, 2015. Dkt. 33.

After being granted an extension of time to file an amended complaint, on November 6, 2015, Plaintiff filed the Amended Complaint. *See* Dkt. 38, 47. Plaintiff's Amended Complaint contained new defendants and new claims unrelated to his original Complaint. *See* Dkt. 47. Prior to the Court screening the Amended Complaint, Defendants filed an Answer. Dkt. 49.

Plaintiff moved to amend his Amended Complaint on January 21, 2016. Dkt. 67. The Court granted Plaintiff's Motion to Amend and Plaintiff was ordered to file the second amended complaint by March 21, 2016. Dkt. 71. As Plaintiff moved to amend his Amended Complaint, the Court delayed the screening under 28 U.S.C. § 1915 until after Plaintiff filed a second amended complaint.

On March 22, 2016, Plaintiff filed a proposed second amended complaint. Dkt. 72-1. The Court screened the proposed second amended complaint and ordered Plaintiff to file a second

1  amended complaint on or before May 20, 2016 in compliance with Rule 8 of the Federal Rules

2  of Civil Procedure. Dkt. 79.

3       Plaintiff objected to the Court's Order. Dkt. 81. Judge Settle denied Plaintiff's objections.

4  Dkt. 82.  On May 17, 2016, Plaintiff filed his Second Amended Complaint. Dkt. 84. The Second

5  Amended Complaint is the exact same document as the March 2016 proposed second amended

6  complaint. *See* Dkt. 72-1, 84.

7       **DISCUSSION**

8       "[T]he district court may dismiss an action for failure to comply with any order of the

9  court." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992), *as amended* (May 22, 1992).

10  "District courts have the inherent power to control their dockets. In the exercise of that power

11  they may impose sanctions including, where appropriate, default or dismissal." *Thompson v.*

12  *Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). Dismissals, however, should be imposed only

13  in extreme circumstances. *Id.*; *Ferdik*, 963 F.2d at 1260.  "In determining whether to dismiss a

14  case for failure to comply with a court order the district court must weigh five factors including:

15  '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its

16  docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of

17  cases on their merits; and (5) the availability of less drastic alternatives.'" *Ferdik*, 963 F.2d  at

18  1260-61 (*quoting Thompson*, 782 F.2d at 831). "These factors are 'not a series of conditions

19  precedent before the judge can do anything,' but a 'way for a district judge to think about what to

20  do.'" *In re Phenylpropanolamine (PPA) Products Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir.

21  2006) (*quoting Valley Eng'rs Inc. v. Elec. Eng'g Co.,* 158 F.3d 1051, 1057 (9th Cir.1998)).

22

23

24

REPORT AND RECOMMENDATION - 3

1    In weighing the factors, the Court finds several factors weigh in favor of dismissing this

2    action.[1] First, the Court has provided Plaintiff with several less dramatic alternatives to dismissal

3    (Factor 5). On May 19, 2015, the Court entered a Report and Recommendation putting Plaintiff

4    on notice of his failure to state a claim. Dkt. 25. The Report and Recommendation was adopted,

5    and Plaintiff was given an opportunity to amend his Complaint. Dkt. 32. Plaintiff filed an

6    amended complaint and then sought leave to amend his Amended Complaint. Dkt. 47, 70. On

7    February 9, 2016, the Court instructed Plaintiff that if he wished to amend his Amended

8    Complaint he was required to file a motion to amend and a proposed second amended complaint.

9    Dkt. 71. On March 22, 2016, Plaintiff filed a 47 page proposed second amended complaint,

10   attached 40 exhibits and requested the Court attach an additional 30 exhibits which were

11   previously filed with the Court. *See* Dkt. 72-1 – 72-9. Plaintiff did not file a motion to amend.

12   After reviewing Plaintiff's proposed second amended complaint pursuant to 28 U.S.C. §

13   1915A, the Court ordered Plaintiff on April 20, 2016 to file a second amended complaint. Dkt.

14   79. The Court instructed Plaintiff to comply with Rule 8 of the Federal Rules of Civil Procedure.

15   *Id.* The Court's Order also stated "[t]he amended complaint shall not exceed twenty (20) pages

16   absent leave of Court and upon a showing of good cause." *Id.* at p. 4. The Court also informed

17   Plaintiff he could file no attachments to his second amended complaint and his second amended

18   complaint would act as a complete substitute to any previously filed complaint. *Id.* The Order

19   warned: "If Plaintiff fails to file an amended complaint or fails to adequately address the issues

20   raised herein on or before May 20, 2016, the undersigned will recommend dismissal of this

21   action." *Id.* Judge Settle upheld the April 20, 2016 Order. *See* Dkt. 82.

22

23

---

24        [1] The Court will discuss the factors in order of significance in this case, not numerically.

On May 17, 2016, Plaintiff filed a 47-page Second Amended Complaint with 224 pages of attachments. Dkt. 84. Plaintiff's Second Amended Complaint is the exact same document as the proposed second amended complaint, which the Court ordered Plaintiff to correct. *See* Dkt. 72-1, 84. Plaintiff changed only the filing date by crossing out the previous filing date and writing in a new date. *See* Dkt. 72-1, 84-1, p. 2.

Plaintiff has deliberately defied Court orders. Importantly, Plaintiff filed the exact same complaint he was instructed to correct. Plaintiff also filed a 47 page Second Amended Complaint, which is in direct violation of the Order directing Plaintiff to file a second amended complaint not to exceed 20 pages. Dkt. 79, 84. Plaintiff was instructed to file no attachments with his Second Amended Complaint; he filed 224 pages of attachments. Dkt. 79, 84. Plaintiff also referenced additional docket entries he wished in incorporate into his Second Amended Complaint regardless of specific instructions that his Second Amended Complaint could "not incorporate any part of the original complaint, proposed amended complaint, or any documents included in the docket by reference." Dkt. 79, p. 3; *see* Dkt. 84, ¶¶ 32-34.

Plaintiff has been given several opportunities to amend his Complaint. *See* Dkt. 25, 32, 71, 79. The Court notified Plaintiff of the deficiencies of his Complaint and proposed amended complaints and Plaintiff was placed on notice this action would be dismissed if he failed to follow the Court's April 20, 2016 Order. *See* Dkt. 25, 32, 79. Plaintiff has blatantly disregarded the Court's directives and warnings. Accordingly, there are no available alternatives to dismissal remaining and Factor 5 weighs in favor of dismissing this action. *See Ferdik*, 963 F.2d at 1262 (finding the district court's decision to dismiss for failure to comply with a court's order was appropriate when the district court notified the plaintiff of the deficiencies of his complaint, gave

1   him extensions to bring his complaint into compliance, and notified him that failure to follow the

2   order would result in dismissal).

3         Second, the public's interest in expeditious resolution of litigation (Factor 1) and the

4   Court's need to manage its docket (Factor 2) weigh in favor of dismissal. Plaintiff filed this case

5   in September of 2014. Dkt. 1. Plaintiff alleged a violation of his right of access to the courts

6   against two defendants, Defendants Glebe and Gonzales. *Id.* These two Defendants moved to

7   dismiss this action. Dkt. 14. The Court found Plaintiff had failed to state a claim, but determined

8   he should be given leave to attempt to cure the deficiencies in his Complaint. Dkt. 25, 32.

9   Plaintiff's case has been pending for over a year and a half and Plaintiff has yet to file an

10  amended complaint in compliance with this Court's orders. The Court must manage its docket to

11  avoid "vexatious noncompliance of litigants[.]" *Ferdik*, 963 F.2d at 1261. Therefore, the Court

12  finds the interest of managing its docket, enforcing its orders, and ensuring expeditious

13  resolutions of cases weigh in favor of dismissal.

14        Finally, the Court notes the risk of prejudice to Defendants (Factor 3) is not high in this

15  case. However, Plaintiff has not served a complaint which clearly names Defendants and alleges

16  claims against each Defendant. *See* Dkt. 84. Defendants have also been required to file a Motion

17  to Dismiss, several Answers, and responses to motions an in an attempt to litigate Plaintiff's

18  voluminous filings. Thus, Defendants' time and expense of this lengthy litigation weighs in favor

19  of finding a risk of prejudice to Defendants. *See In re Phenylpropanolamine*, 460 F.3d at 1228

20  (noting prejudice "may also consist of costs or burdens of litigation, although it may not consist

21  of the mere pendency of the lawsuit itself"). The Court finds Factor 4 (public policy favoring

22  disposition of cases on their merits) does not outweigh the other factors in this case. *See Ferdik*,

23

24

REPORT AND RECOMMENDATION - 6

1  963 F.2d at 1262-63 (even if the prejudice and public policy factors weighed against dismissal,

2  they do not outweigh the three factors supporting dismissal).

3       Weighing the factors, dismissal of Plaintiff's case for failure to comply with Court orders

4  is appropriate.

5  **CONCLUSION**

6       Based on the foregoing reason, the undersigned recommends this action be dismissed

7  without prejudice. The Court, however, recommends this case be counted as a strike pursuant to

8  28 U.S.C. § 1915(g). *See Cox v. Pacholke*, 2012 WL 5877513, *9 (W.D. Wash. Oct. 9, 2012)

9  (courts have counted strikes under §1915(g) when a claim is baseless, without merit, or an abuse

10  of the judicial process). The Court also recommend any pending motions, including Plaintiff's

11  Motion requesting a temporary restraining order (Dkt. 86), be denied as moot.

12       Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil

13  Procedure, the parties shall have fourteen (14) days from service of this Report to file written

14  objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those

15  objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time

16  limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on July 8,

17  2016, as noted in the caption.

18       Dated this 21st day of June, 2016.

19

20  David W. Christel
   United States Magistrate Judge

21

22

23

24