THE HONORABLE JUDGE BENJAMIN SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MATTHEW R. RUTH,
        Plaintiff,

V.

PATRICK GLEBE, ET AL...
        Defendants.

MOTION of Extention
of time To file
OBJECtIONS

No. 2:14-CV-01388-BHS-DWC

I Notified the Law Library for one
week & A Half that I have a deadline & need
To E-file. The Law Library has not placed me
on the callout for E-filing & Tomorrow is my
Deadline. I can PDR the Request if this Court desires.
This is an Extraordinary circumstance that I have No control
over. Please grant an extention.

Respectfully submitted,
This 7-4-16

X_____
MATthew R. Ruth

THE HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

No. 2:14-CV-01388-BHS-DWC

MATTHEW R. RUTH,

PLAINTIFF,

V.

PATRICK GLEBE, ET AL...
DEFENDANTS.

OBJECTIONS TO Magistrate
CHRISTEL'S REPORT & recommendation
ON THE TRO AND THE AMENDED
COMPLAINT

I. OPENING STATEMENT

I TRIED MY VERY BEST TO COMPLY WITH
MAGistrate christel's impossible & illegal order. contrary
To christel's order I did include what defendant Violate
Specific constitutional Rights & How I was prejudiced.
I was not served until well after the 14 days to object
to the AMNL order had expired.

—/—

2

Essentially the Magistrates order wanted Me to fit 4 years of constitutional violations into 20 pages, although my initial Amended complaint exceeded 20 pages, And Not Attach ANY Exhibits.

The first order is impossible & this court Should allow me to file, once again, a complaint that exceeds 20 pages. The second order is contrary to Law. The Magistrate cannot order me to Not attach the very exhibits that prove My claim. She Told me that I could include them later, that is a "Lie." If I do Not put them in the initial complaint I am barred from using them -or- admitting them later.

Next, contrary to Jude christel's allegations, she, personally moved my Amended complaint to discovery stage. She Now claims it was Never screened. Exhibit one, Pretrial scheduling order, signed By christel. Is christel saying she Just Blindly moves cases at Random into Pretrial Discovery phase? If so she is Not competent.

-2-

3

This R&R proves Christel is Bias towards MR. Ruth & should be Removed from this case. MR. Ruth cannot make the complaint anymore concice. This court should appoint counsel, instead of dismissing the complaint. This complaint is 100% Meritorious, as Recognize by magistrate James P. Donahue. EXHIBIT Two, letter to court from KRistine A. Hain. The court should Not count this as a strike. MR. Ruth asks this court to DeNy the R&R, and grant the TRO.

2. <u>I OBJect to the Following</u>

1.) The supreme court has stated that federal courts must take cognizance of the valid constitutional claims of prison inmates. <u>Turner V. Safley</u>, 482 U.S. 78, 84 (1987).

-3-

the magistrate has Never Taken Cognizance of my claims. The magistrate has always ignored my Freedom of Expression, Retaliation, Equal Protection, and 8th Amendment claims. These claims are valid as recognized in FN1 of Page four of Magistrate James. P. Donohue's Court order. Exhibit Three, court order. My claims are valid and the attacks of the Defendants increased over four years while this court refuses to take action. Now the magistrate asks for my "Serious" & valid claims to be dismissed. The magistrate Needs to Be FiRed).

2.) I was Not served within 14 days of the APriL order so that I could Timely object. My Time should start when I am served.

-4-

3.) On Page 2 of the R&R the Magistrate Judge Lies & distorts the Facts. In the third Paragraph the Magistrate states that my 1st Amended complaint "contained new defendants and new claims unrelated to his original complaint. See Dkt. 47. Prior to the court screening the amended complaint, defendants filed an answer. Dkt 49."

First, the new claims are related to the original complaint. They are an extention of the original retaliation & active interference & Equal Protection & Freedom of expression claims. Just because the magistrate cannot read, or comprehend English, and keeps ignoring my claims & limiting them to an access to the courts violation, does not mean the claims are unrelated.

Second, the court did screen my
complaint & magistrate christed moved the
case forward into the Discovery Phase. See
EXHIBIT ONE. unless the magistrate just
Blindly sets pretrial scheduling for Random
cases without screening the complaints?

4.) the magistrate alleges that I never state
what constitutional violations were committed
by the defendants. This proves the magistrate
did not read my complaint. I very clearly listed
each defendant & what constitutional Doctrine
they violated, what they did, and what prejudice
ensued.

5.) The magistrate claims I Blatantly Refused to
follow the courts order. This is untrue,

The DOCUMENT IS NOT exactly the same, I did try my best to make the complaint more consice. The best I can do is in the complaint. Instead of dismissing my complaint counsel must be appointed. I did my best & must not be able to articulate these very complex & serious constitutional violations.

The only order I did not follow is the order to not include any evidence. That is ridiculous. The magistrate lied to me in the AMNL order claiming that I could add exhibits later in response to dispositive motions & motions to dismiss. That is not true. This is contrary to the law.

I cannot make 4 years of serious violations any shorter than what I already did. Please appoint me counsel & do not dismiss my complaint.

-7-

8

6.) Again on Page 6 of the R&R the

magistrate erroneously lies & states

"Plaintiff has not served a complaint which

clearly names defendants and alleges claims

against each defendant."

    This is crazy—Even on page 19 of the

complaint I list each defendant & each claim

Against them. PLUS I add the evidence that

Proves every thing I say. the magistrate is

clearly Bias & incompetent.

7.) the magistrate does not even address

my TRO. I do not have my Legal material

Because the defendants are Holding it Ransom.

I do not have $75.00. Keeping my Legal

material from me Because I am to Poor

to pay to have it shipped is the same as

-8-

9

Denying a Person Access to the courts
Because they are Poor. This is Illegal
And Unlawful. Only the Magistrate would
Advocate for this Active Interference
& Retaliation.

While the courts Recognize "that Prison
officials are to be accorded substantial deference
in the way they Run their Prisons, this does
Not mean that we will Rubber Stamp or Mechanically
accept the Judgments of Prison Administrators."
Spratt v. R.I. Dept of corr., 482 F.3d 33, 40
(1st cir. 2007); Quoting Lovelace v. Lee, 472
F.3d 174, 190 (4th cir. 2006).

Dismissing my complaint & TRO is Just
a Rubber Stamp approving of the Horrible

-9-

10

Actions of the defendants. Please Appoint me counsel & grant the TRO & Do Not Dismiss my serious & meritorious complaint.

Respectfully submitted,

This. 6-27-16

X ~~~~~~~~~~~

MATHEW R. Ruth, Prisoner Right Activist

EXHIBIT

ONE

PRETRIAL Scheduling ORDER
1-26-16

12

## Brown, Salina M. (DOC)

| | |
|---|---|
| **From:** | ECF@wawd.uscourts.gov |
| **Sent:** | Tuesday, January 26, 2016 11:57 AM |
| **To:** | ECF@wawd.uscourts.gov |
| **Subject:** | Activity in Case 2:14-cv-01388-BHS-DWC Ruth v. Glebe et al Scheduling Order |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

### U.S. District Court

### United States District Court for the Western District of Washington

## Notice of Electronic Filing

The following transaction was entered on 1/26/2016 at 11:57 AM PST and filed on 1/26/2016

**Case Name:** Ruth v. Glebe et al
**Case Number:** 2:14-cv-01388-BHS-DWC
**Filer:**
**Document Number:** 69

**Docket Text:**
**PRETRIAL SCHEDULING ORDER: Discovery shall be completed by 7/26/2016. Any Dispositive motions shall be filed and served on or before 8/25/2016. The parties are advised that a due date for filing a Joint Pretrial Statement may be established at a later date pending the outcome of any dispositive motions. Signed by Magistrate Judge David W. Christel. \*\*4 PAGE(S), PRINT ALL\*\*(Matthew Ruth, Prisoner ID: 879492 H4-A-98L)(CMG)**

**2:14-cv-01388-BHS-DWC Notice has been electronically mailed to:**

Candie M Dibble     CandieD@atg.wa.gov, CORspoef@atg.wa.gov, JasonW3@atg.wa.gov, PattyW@atg.wa.gov, SueG@atg.wa.gov

Matthew R Ruth     docscccinmatefederal@DOC1.WA.GOV

**2:14-cv-01388-BHS-DWC Notice will not be electronically mailed to:**

The following document(s) are associated with this transaction:

1

13

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1035929271 [Date=1/26/2016] [FileNumber=5990160-0
] [aa2b714ef08b636b8e58b2656e7bcd12c6c81e8d597c38ca5d4db57c4d39a3f9f7e
23323162f44e16a5907b8b7c5617f7395f01a0ca1d179c148c10f49e6817b]]



UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MATTHEW R RUTH,

Plaintiff,

v.

PATRICK GLEBE, RAY GONZALEZ,
GORHAM, MARTINEZ, SUTHERBY,
LAROSE, SHANAHAN, HENSLEY, T
MATSEN, D DIXON, M. DRAGOO,
SULLIVAN, DANIEL DAVIS, CLINT
MAY,

Defendants.

CASE NO. 2:14-CV-01388-BHS-DWC

PRETRIAL SCHEDULING ORDER

This is a civil rights action brought pursuant to 42 U.S.C. § 1983. Defendants have now filed an answer to Plaintiff's complaint. Accordingly, the Court hereby establishes the following pretrial schedule:

(1)    Discovery

All discovery shall be completed by **July 26, 2016**. Service of responses to interrogatories and to requests to produce, and the taking of depositions, shall be completed by this date. Federal Rule of Civil Procedure 33(a) requires answers or objections to be served within thirty (30) days after service of the interrogatories. The serving party, therefore, must

1 │ serve his/her interrogatories at least thirty (30) days before the deadline in order to allow the

2 │ other party time to answer.

3 │       (2)    Dispositive Motions

4 │       Any dispositive motion shall be filed and served on or before **August 25, 2016**. Pursuant

5 │ to LCR 7(b), any argument being offered in support of a motion shall be submitted as a part of

6 │ the motion itself and not in a separate document. The motion shall include in its caption

7 │ (immediately below the title of the motion) a designation of the date the motion is to be noted for

8 │ consideration upon the Court's motion calendar. Dispositive motions shall be noted for

9 │ consideration on a date no earlier than the fourth Friday following filing and service of the

10 │ motion. LCR 7(d)(3).

11 │       All briefs and affidavits in opposition to any motion shall be filed and served pursuant to

12 │ the requirements of Rule 7 of the Federal Rules of Civil Procedure and LCR 7. The party

13 │ making a motion may file and serve a reply to the opposing party's briefs and affidavits. Any

14 │ reply brief shall also be filed and served pursuant to the requirements of Rule 7 of the Federal

15 │ Rules of Civil Procedure and LCR 7.

16 │       Defendants are reminded that they MUST serve *Rand* and *Wyatt* notices, in a separate

17 │ document, concurrently with motions to dismiss and motions for summary judgment so that *pro*

18 │ *se* prisoner plaintiffs will have fair, timely and adequate notice of what is required of them in

19 │ order to oppose those motions. *Woods v. Carey*, 684 F.3d 934, 941 (9th Cir. 2012). The Ninth

20 │ Circuit has set forth model language for such notices:

21 │           A motion for summary judgment under Rule 56 of the Federal Rules of
          Civil Procedure will, if granted, end your case.

22 │

23 │           Rule 56 tells you what you must do in order to oppose a motion for
          summary judgment. Generally, summary judgment must be granted when
          there is no genuine issue of material fact – that is, if there is no real

24 │

1

2

3

4

5

6

7

dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, **you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.**

8

9

10

11

12

13

*Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (emphasis added); *see Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003) (extending the fair notice requirement to motions to dismiss for failure to exhaust administrative remedies). Defendants who fail to file and serve the required *Rand* and *Wyatt* notices on the plaintiff may have their motion stricken from the Court's calendar with leave to re-file.

14

(3)     Joint Pretrial Statement

15

16

The parties are advised that a due date for filing a Joint Pretrial Statement may be established at a later date pending the outcome of any dispositive motions.

17

(4)     Proof of Service and Sanctions

18

19

20

21

22

23

24

All motions, pretrial statements and other filings shall be accompanied by proof that such documents have been served upon counsel for the opposing party or upon any party acting *pro se*. The proof of service shall show the day and manner of service and may be by written acknowledgment of service, by certificate of a member of the bar of this Court, by affidavit of the person who served the papers, or by any other proof satisfactory to the Court. Failure to comply with the provisions of the Order can result in dismissal/default judgment or other appropriate sanctions.

1       (5)     The Clerk of Court is directed to send a copy of this Order to plaintiff and to

2   counsel for defendants.

3       Dated this 26th day of January, 2016.

4

5                                           David W. Christel
                                            United States Magistrate Judge
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

EXHIBIT

TWO

3-29-16 LETTER TO
COURT from KRistine A. KAIN

To: Benjamin H. Settle, presiding Judge

David W. Christel, and referral

Filed in: Western District of Washington | United States District Court

**Re: 2:14-cv-01388-BHS-DWC** Ruth v. Glebe et al

Letter in support of Matthew R. Ruth & Declaration of Kristine A. Kain executed on March 29, 2016:

Our system of law requires prisoners like Matthew Ruth and many others to surrender their freedom. However, the law does not require them to surrender their human dignity or the minimal constitutional rights that they have while in prison. Matthew Ruth, a prisoner activist seeking to make positive contributions to the interests of prisoners, has been tormented with what is said to be the biggest obstacle to significant and lasting progress while incarcerated. The retaliatory acts of prison officials because he chooses to exercise his constitutional rights.

I write this today because WA State prison officials have chosen to punish Mr. Ruth for filing the following lawsuit against them.  https://drive.google.com/file/d/0B7DGxQtMvzq5VnFlVV9kV1I5amM/view?usp=sharing

He also exposed their corruption by making it known the department's role in the death of inmate Michael Lindsey this past December. Ruth has been subjected to the retaliatory abuse of the department's disciplinary process by prison guards, I & I, his counselor and department heads at the executive level of the Washington State Department of Corrections.

They have many times unnecessarily confiscated Ruth's legal documents while they trashed his cell. Each time it takes him 2 to 3 days to get his legal paperwork back in order. They then proceed to write false disciplinary reports in order to put him in and keep him in segregation, otherwise known as solitary confinement. His life has been threatened more than once. He now is in the process of an illegal transfer to Washington State's most dangerous prison, the Walla Walla State Penitentiary, where they have classified him to be placed with the worst violent offenders by classifying him to closed custody. He will be confined to his cell for 23 hours a day. Officials have blatantly told Ruth that the reason they are doing this is because of the Facebook posting that I posted on his Facebook regarding Michael Lindsey's death. I am Matthew Ruth's Power of Attorney and maintain his Facebook page while he is incarcerated. It is both our rights to freely express this information to the public about the events that lead to inmate Michael Lindsey's death, if we so choose.

> On February 17, 2016, Chief United States Magistrate Judge, James P. Donohue stated in a court order regarding Ruth's Federal Habeas Corpus and his active lawsuit against the department, the following:
>
> "1 Indeed, petitioner's allegations of retaliation are perplexing. The Court is left scratching its head as to why a prisoner being infracted for a "dirty UA" was denied access to a pen, paper, or books for many days. Dkt. 30 at 6…"

> Contrary to this federal court order, since Matthew Ruth was placed in segregation on February 6, 2016, he has missed all of his court ordered deadlines because his counselor, Sarah Sullivan and John Thompson who is the Stafford Creek Law Librarian, refused to file his legal pleadings. He has also been denied access to the courts by not allowing him to use the prison's law library and by not giving him his legal mail and paperwork all because John Thompson said he could not verify that Ruth had a legal deadline. They confiscated items of his from his cell, to include his legal work which is necessary to sufficiently litigate his cases. Still, these items have not been returned to him. Mr. Ruth wrote his Traverse without the AAG's response to his Habeas Petition. Other items of Ruth's have been stolen by guards and have not yet been returned. They took his typewriter away from him and gave him an infraction for having the same typewriter that he has always possessed. This typewriter has been through many documented cell searches where it has always been approved as being his and put on his property list.

*After performing a cell search while in segregation, Ruth was harassed and disciplined for having staples in his paperwork. The staples that were brought to Ruth as evidence were unattached to his paperwork. DOC policy states that staples are to be removed from documents by the mailroom staff before distributing an offender's mail. None of these bogus assertions that have been used by DOC to discipline Mr. Ruth would ever stand a chance in a court of law.*

On Tuesday March 22, 2016, I contacted headquarters for the Washington State Department of Corrections and spoke with Tracy. When asked about Mr. Ruth's status, she told me he had been finalized to Clallam Bay Corrections Center and would be arriving there within the next two weeks. The decision took place after the Facility Risk Management Team (FRMT) conducted a hearing regarding Ruth. See policy 320.200 ADMINISTRATIVE SEGREGATION, which I have attached.

It wasn't until Thursday that I spoke with Ruth who was unaware of this information. He told me that no one had said anything to him about this classification but said his counselor and I & I had been pushing for him to go to Walla Walla so they could, "Bury him," as they had stated more than once.

Thursday afternoon Ruth's father, Matt Stroud called headquarters and was told that Matthew Ruth had been finalized to the Walla Walla State Penitentiary. The next morning I spoke to Executive Secretary Chris Parker. When I asked about the change in Ruth's finalization she informed me that this had absolutely nothing to do with Matthew Ruth. She said there was not enough bed space at Clallam Bay. Later that day I called Clallam Bay Corrections Center and inquired about how many bed spaces were available. I was told that there are exactly 142 open bed spaces available and that almost never is there not any bed space available at Clallam Bay.

Monday, March 28, I contacted the head of DOC, Dick Morgan and spoke to his secretary who referred me to Robert Herzog who is the Deputy Director of Prisons. Mr. Herzog's secretary answered my call and I asked her why there was a change made to Ruth's classification. She told me with a biased tone in her voice that, "Mr. Ruth knows what he has done and why his classification has changed."

I informed her that he did not know anything about this and I also told her what Chris Parker had said when she told me it was nothing that Matthew Ruth did. It was due to lack of bed space. She then hung up on me while I was in mid-sentence.

*Once an inmate's classification has been finalized the only way to change the final decision is for the inmate to appeal the decision. The inmate must be given all documents pertaining to the finalization within 24 hours of being finalized and then he can appeal. Matthew Ruth has been denied due process in both these instances of classification as he has not been informed by the department about where they are transferring him and he has not been provided with the paperwork that he is supposed to be given per DOC policy in order to appeal this decision. This transfer was not properly facilitated and should have never taken place.*

Ultimately, the reason for the transfer of Matthew Ruth's classification from Clallam Bay to Walla Walla was because someone put a map of Clallam Bay Corrections Center in his property. Stafford Creek's CCO Crane says he searched Ruth's property three times before it was packed for Clallam Bay. He found no maps in Ruth's property. Mr. Ruth has been in segregation since March 6, 2016. He was unaware that he was going to Clallam Bay. He had no idea he would be going to closed custody at any facility. Matt Ruth's cell has been searched 17 times in the past couple of months and no map was ever found in his property. If in fact, a map was found in his property, they would have given him an infraction for it.

Mr. Lehman, from I & I at Stafford Creek told Ruth that he knows the map *was not* in Mr. Ruth's property prior to this accusation. He admitted to Ruth that department officials do not like him. This transfer from minimum custody at Stafford Creek, to being finalized at Clallam Bay and then to closed custody at the Walla Walla State Penitentiary, happened overnight. At first it was due to a lack of bed space. Now it is because of a fictitious map that was said to have mysteriously appeared in Matthew Ruth's property that he hasn't even had access to. This map is yet to be shown to Mr. Ruth. He did not receive an infraction for the map. The department is trying to pass this off as a security threat for possessing a map that contains escape plans at Clallam Bay. Ruth's classification to Clallam Bay was switched to Walla Walla as his counselor, Sarah Sullivan had hoped for. Matthew Ruth's best interest was totally disregarded

2-1

here.  Please refer to the attached letter I wrote in support of Matthew Ruth which mentions the pros and cons of each of the two facilities in relation to what's in Mr. Ruth's best interest.

Lastly, I received Matthew Ruth's public disclosure from the Snohomish County prosecutor's office and also from the Washington State Patrol. There are four CD's that contain Ruth's discovery for Snohomish County Superior Court cause number 03-1-02451-6, for which he is currently serving time. These discs consist of numerous police reports with crucial information to his case that he has no knowledge of.  The Snohomish County prosecutor's office tried to send the discs to Ruth while he was at Stafford Creek but the facility denied them.  I then made paper copies that I sent in which were also denied.  Matthew Ruth is a Pro Se litigant fighting his case and there are documents that would allow him an evidentiary hearing on these discs.

The Department of Corrections denying Ruth's own discovery stating that it is a security threat is unreasonable.  Matthew Ruth knows who the victims were in his case.  The events that took place and statements made by the victims while he was in custody, prior to trial, is what he has no knowledge of.  I can't emphasize enough how important it is that he see these police reports and the other content on the CD's.  The entity's that provided his public disclosure have already ..dacted everything on the discs that by law, they could.  It should be ordered that Mr. Ruth can view his public disclosure files.

I have also attached a printout of Matthew Ruth's Appellate Court Case Summary for case number 746944.  Because the Department of Corrections would not file Ruth's legal documents for this case, Division One terminated Review on 03-25-16.  I am submitting this as proof of injury that have come from the active interference and denial of access to the courts that Ruth has faced.

Signed this 29ᵗʰ day of March, 2016

Kristine Kain

EXHIBIT

THREE

2/17/16 court order

FROM MAGistrate DONOHue

See Page 4 FN1

## Brown, Salina M. (DOC)

| | |
|---|---|
| **From:** | ECF@wawd.uscourts.gov |
| **Sent:** | Wednesday, February 17, 2016 3:18 PM |
| **To:** | ECF@wawd.uscourts.gov |
| **Subject:** | Activity in Case 2:15-cv-00533-TSZ-JPD Ruth v. Glebe Order on Motion for Extension of Time |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

### U.S. District Court

### United States District Court for the Western District of Washington

### Notice of Electronic Filing

The following transaction was entered on 2/17/2016 at 3:17 PM PST and filed on 2/17/2016

**Case Name:**      Ruth v. Glebe
**Case Number:**    2:15-cv-00533-TSZ-JPD
**Filer:**
**Document Number:** 34

**Docket Text:**
**ORDER GRANTING SECOND EXTENSION OF TIME TO FILE REPLY TO ANSWER AND DENYING APPOINTMENT OF COUNSEL by Hon. James P. Donohue. Petitioner's [30] motion for a second extension of time and appointment of counsel is granted in part and denied in part; petitioner's [33] motion to supplement his 1/21/16 submissions is denied; Clerk directed to re-note petitioner's [22] Habeas Petition for 3/25/2016. \*\*5 PAGES, PRINT ALL\*\* (Matthew Ruth, Prisoner ID: 879492 H4-A-98L) (AD)**

**2:15-cv-00533-TSZ-JPD Notice has been electronically mailed to:**

Alex A Kostin     alexk@atg.wa.gov, CORreader@atg.wa.gov, corolylaef@ATG.WA.GOV

Matthew R Ruth     docscccinmatefederal@DOC1.WA.GOV

**2:15-cv-00533-TSZ-JPD Notice will not be electronically mailed to:**

The following document(s) are associated with this transaction:

1

24

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1035929271 [Date=2/17/2016] [FileNumber=6022216-0
] [aad1a2bff9c6f34ce98803e758bbf1204dc4222eff2bdde06a2ad3a90a627a00b17
917c37d8f2e38472f74e1bf3242f76aea562475e77821e2e6a42101fdd4a9]]

2

25

1

2

3

4

5

6

7                              UNITED STATES DISTRICT COURT
                             WESTERN DISTRICT OF WASHINGTON
8                                      AT SEATTLE

9   | MATTHEW R. RUTH, | C15-533-TSZ-JPD |
    |---|---|
10  | Petitioner, | ORDER GRANTING SECOND |
    |  | EXTENSION OF TIME TO FILE REPLY |
11  | v. | TO ANSWER AND DENYING |
    |  | APPOINTMENT OF COUNSEL |
12  | PATRICK GLEBE, | |
13  |  | |
    | Respondent. | |
14  |  | |
15  |  | |
16  |  | |

17              I.      INTRODUCTION AND SUMMARY CONCLUSION

18         This matter comes before the Court on petitioner's January 21, 2015 motion for a

19   second extension of time to file a reply to the respondent's answer and request for appointment

20   of counsel in this 28 U.S.C. § 2254 habeas action, Dkt. 30, and a January 27, 2016 motion to

21   supplement the January 21, 2016 submissions, Dkt. 33. Respondent opposes petitioner's

22   requests. Dkt. 31. The Court, having considered petitioner's motions, Dkts. 30, 33,

23   respondent's opposition, Dkt. 31, and the balance of the record, hereby GRANTS IN PART

24   AND DENIES IN PART petitioner's motion for a second extension of time and appointment

25   of counsel, Dkt. 30, and DENIES petitioner's motion to supplement his January 21, 2016

26   submissions, Dkt. 33.

ORDER
PAGE - 1

26

1

II.    DISCUSSION

2

A. Background

3      Petitioner's reply to respondent's Answer was initially due on December 4, 2015.

4 However, on November 25, 2015, petitioner requested a thirty-day extension of time to prepare

5 and file his reply due to his limited access to certain legal materials. Dkt. 26. By Order dated

6 December 9, 2015, the Court granted petitioner's request, and informed petitioner that his reply

7 memorandum was due no later than Friday, January 8, 2015. Dkt. 27.

8      On January 5, 2016 and January 12, 2016, the Court received letters in the

9 undersigned's orders box from an individual who is apparently petitioner's fiancé, Kris Kain,

10 informing the Court that petitioner had been moved from the general population to disciplinary

11 segregation at Stafford Creek Corrections Center and placed on a pencil and paper restriction.

12 Consequently, Mr. Kain argued that petitioner was being denied access to the courts and would

13 miss his January 8, 2016 reply deadline in this case. Dkt. 28; Dkt. 29.

14      On January 21, 2016, petitioner filed the instant motion requesting a sixty-day

15 extension of time to file his reply to respondent's Answer due to the fact that he was not

16 allowed to access his legal papers, pen, or paper while he was in segregation. In addition, he

17 asks the Court to appoint counsel to represent him in this action. Dkt. 30. On January 27,

18 2016, petitioner filed a motion to supplement his prior motions by adding "these seven exhibits

19 to the above motions." Dkt. 33.

20

B. Future Motions and Non-Party Communications

21      The Court notes that in addition to this habeas action, petitioner currently has a civil

22 rights case, Case No. C14-1388-BHS-KLS, pending before the Honorable David W. Christel in

23 Tacoma, Washington. Petitioner's two motions discussed above, Dkts. 30 and 33, were

24 docketed in both cases as they contain arguments pertaining to either the habeas case, the civil

25 rights action, or both. This intermingling of arguments relevant to the two ongoing cases has

26 made it extremely difficult for respondent and the Court to discern which arguments relate to

1    which action. As an example of the resulting confusion, respondent mistakenly believed that

2    petitioner was seeking permission to amend his habeas petition to include new claims relating

3    to the retaliation by prison officials he alleges he is currently experiencing. Dkt. 31 at 1.

4    Respondent opposed any such amendment of the habeas petition on the grounds that such

5    claims must be brought in his civil rights action. *Id.* at 2. Petitioner was then forced to clarify

6    the fact that he is seeking leave to amend his complaint in his civil rights case, but is not

7    seeking permission to supplement or otherwise amend his habeas petition. Dkt. 32 at 2.

8    Rather, he is only seeking an extension of time and appointment of counsel in this case. *Id.* at

9    6.

10         To avoid any such confusion in the future, **petitioner is directed that any future**

11   **motions filed in this case must only relate to his habeas petition.** If petitioner files another

12   motion relating to his pending civil rights case in this action, it will be stricken from the record.

13         In addition, although the Court, out of an abundance of caution, docketed the email

14   communications that Ms. Kain sent to Court in January 2016, email is not an appropriate way

15   to contact the Court. Moreover, Ms. Kain is not a party to this case. Petitioner is advised that

16   **no future communications from Ms. Kain or any other non-party, via email or otherwise,**

17   **will be accepted or considered by the Court.**

18        C. <u>Motion for Extension of Time</u>

19         As mentioned above, petitioner seeks a sixty-day extension of time to file his Reply to

20   respondent's Answer in light of his recent time in segregation and restricted access to his legal

21   materials, books, pen, and paper. Dkt. 30. Respondent opposes this request, arguing that

22   petitioner "fails to provide any reasonable explanation as to why he should be given another

23   extension of time. The fact that he failed to comply with the institutional rules and as a result

24   was put in segregation does not justify another extension." Dkt. 31 at 1-2. In light of

25   petitioner's serious claims of retaliation by correctional officers at the prison, the Court is not

26   persuaded by respondent's argument that petitioner's transfer to segregation is a poor

ORDER
PAGE - 3

1  explanation for his delay in filing his reply.[1] Although respondent is correct that the

2  appropriate forum for challenging the actions of DOC employees is his pending civil rights

3  action, it does not follow that petitioner should necessarily be denied a meaningful opportunity

4  to respond to respondent's Answer in his habeas case.

5  Petitioner's motion for a sixty (60) day extension of time to file his reply, Dkt. 30, is

6  GRANTED IN PART. Petitioner is directed to file his reply by no later than Friday, **March**

7  **25, 2016**. Petitioner is advised that **NO FURTHER EXTENSIONS WILL BE GRANTED**.

8  In his reply, petitioner is also directed to respond to respondent's argument that three of

9  petitioner's federal habeas claims are now procedurally defaulted and consequently non-

10  reviewable in these proceedings. Dkt. 22 at 21.

11  D. Motion for Appointment of Counsel

12  Petitioner's motion for appointment of counsel, Dkt. 30, is DENIED. There is no right

13  to have counsel appointed in cases brought under 28 U.S.C. § 2254 unless an evidentiary

14  hearing is required. *See Terravona v. Kincheloe*, 852 F.2d 424, 429 (9th Cir. 1988); *Brown v.*

15  *Vasquez*, 952 F.2d 1164, 1168 (9th Cir. 1992); and Rule 8(c) of the Rules Governing Section

16  2254 Cases in the United States District Courts. At this juncture, it does not appear that an

17  evidentiary hearing will be required in this matter. The Court may exercise its discretion to

18  appoint counsel for a financially eligible individual where the "interests of justice so require."

19  18 U.S.C. § 3006A. However, petitioner also fails to demonstrate that the interests of justice

20  are best served by appointment of counsel. As respondent points out, petitioner has

21  demonstrated his ability to present complicated legal arguments in his habeas corpus habeas

22  petition. Dkt. 9.

23

24

25  [1] Indeed, petitioner's allegations of retaliation are perplexing. The Court is left
scratching its head as to why a prisoner being infracted for a "dirty UA" was denied access to a

26  pen, paper, or books for many days. Dkt. 30 at 6. However, these issues are not before this
Court.

ORDER
PAGE - 4

1    E.   Motion to Supplement the Pending Motions

2         Finally, petitioner's motion to supplement the pending motions, Dkt. 33, is

3    DENIED.  As noted above, this motion contains seven exhibits that appear to relate to his

4    pending civil rights action rather than his habeas action.  These exhibits are not properly part of

5    the record in this case.

6                          III.      CONCLUSION

7         For the reasons discussed above, the Court GRANTS IN PART AND DENIES IN

8    PART petitioner's motion for a second extension of time and appointment of counsel, Dkt. 30,

9    and DENIES petitioner's motion to supplement his January 21, 2016 submissions, Dkt. 33.

10   The Clerk of Court is directed to **RE-NOTE** petitioner's habeas petition, Dkt. 22, for

11   consideration on **Friday, March 25, 2016**.  The Clerk is further directed to send copies of this

12   Order petitioner, counsel for respondent, and the Honorable Thomas S. Zilly.

13        DATED this 17th day of February, 2016.

14                                   James P. Donohue

15                                   JAMES P. DONOHUE
16                                   Chief United States Magistrate Judge

17

18

19

20

21

22

23

24

25

26

     ORDER
     PAGE - 5